Emott, J.
The defendants constructed three threshing machines, under the contract between them and the plaintiff; and one of the issues litigated at the trial was, whether these machines were built according to the contract, that is, in a good and workmanlike manner. A witness was asked the following question: “Were the three machines' built in a good and workmanlike manner ?” The question was one which came within one of the ordinary and well-recognized exceptions to the general rule forbidding the reception in evidence of a witness’s opinion. It was a matter of skill, requiring peculiar knowledge of the article and judgment respecting it. Thus, a shipbuilder may give his opinion* of the seaworthiness of a ship, and a nautical man of the' skill used in its navigation. (1 Greenl. Ev., §440, and cases cited.) So a competent witness may testify as to the compactness and proper construction *419 of a wall. (Pullman v. Corning, 5 Seld., 93.) A seafaring man-, familiar with the mode of stowing and carrying a particular article in vessels, was allowed to state whether, in his opinion, a quantity of the article in question was properly stowed in a vessel. (Price v. Powell, 3 Comst., 322.) It is, of course, necessary that the witness who is to testify to such matters of opinion should be possessed of the requisite skill and experience in the particular matter to form such an opinion. In this instance the question was objected to generally, and not on the.ground that the witness did not possess the knowledge to entitle him to give an opinion; and the ruling of the judge assumed the same thing. We must assume, therefore, that the witness was an expert, and competent to give the opinion asked for by the question, if such an opinion was evidence. This’is giving, to the objection and exception, as stated in the case, the full scope which can be claimed for them. The ruling of the judge proceeded upon a narrower ground. The bill of exceptions states that the court decided that unless the plaintiff proposed to' prove in what respect the machines were not constructed in a good and workmanlike manner, the general .question must be rejected: The subject-matter of the question being one proper for the opinions of witnesses, and it being assumed that the witness of whom the question was asked was possessed of the qualifications to enable him to form . and express an opinion, I am unable to see how the judge at’ .the trial was authorized to impose such a condition upon the admission of the evidence. It was, in effect, saying that the party should not be permitted to ask one question of a witness which was admissible and proper, unless he would also ask another. It certainly would have been in accordance with the ordinary practice at trials to have .followed such a general question and answer with inquiries as to what the defects were; but if the plaintiff chose to rest upon the general statement alone, and leave it to his adversary to call for more specific objections to the' work by cross-examination, he had a right to- do so. Otherwise, he would not have the right to introduce the opinion of the witness at all. For, if it should *420 be held that this opinion, to be admissible, must be accompanied with a specification of facts upon which it was founded, it would come very near to holding that the facts only, and not the opinion, were admissible. It would, at all events, adopt a rule that the opinion is not admissible until the witness should state the facts; which, in this class of questions, is not the law.
I am of opinion that the judge erred in excluding this evidence, and that this judgment must be reversed and a new trial ordered for .that reason.
All the judges, except Wright, J., concurring,
Judgment reversed, and new trial ordered.