## ONEIDA COUNTY COURT.

GEORGE BAXTER and others, respondents agt. ZARY J. PUT-
NEY, appellant.

The constitutional right of *trial by jury*, secured to persons in actions of *replevin*,
remain to them in actions under the Code for the *possession of personal property*.
Prior to the constitution of 1846, *replevin* was one of the causes of action of which
a *justice of the peace had no jurisdiction*.
In 1860, under the Code, the legislature conferred such jurisdiction on justices of the
peace in actions where the value of the property claimed did not exceed $100.
*Juries* in courts of record, prior to the constitution of 1846, were composed of *twelve
men*, and so have remained to the present time; and the word "jury," as used in
art. 1, sec. 2, of the *constitution*, means a common law jury of twelve men.
When, therefore, a plaintiff brings an action of replevin or for the possession of
personal property, under the Code, in a justices' court, if the defendant demands
a jury trial by *twelve men*, the justice must dismiss the action, as he has no juris-
diction to summon a jury of only six men.

*December Term*, 1868,

ON the 29th day of July, 1868, George Baxter and others
brought suit against Zary J. Putney, in a justice's court, to
recover possession of a quantity of stair bolts, and for dam-
ages for the detention of the same.

The action was brought pursuant to subdivision 10, of sec.
53 of the Code. The plaintiffs gave the required undertak-
ing and the constable took possession of the property.

On the return day of the summons, the parties appeared
before the justice; the defendant for answer denied the com-
plaint, and demanded that the cause be tried by a jury of
twelve men, which the justice refused to empannel, where-
upon, the defendant left the court-room, and the plaintiff
proceeded to trial before the justice, without a jury. The
only evidence of damage, was that of Henry Baxter, as fol-
lows: "The damage to the plaintiffs for removing those
bolts out of their possession, is ten dollars."

Baxter agt. Putney.

Plaintiffs recovered a judgment for the possession of the property, together with $10 damages, and $4.60 costs, from which the defendant appeals to this court.

H. R. HADLEY, *for appellant.*
H. W. BENTLEY, *for respondents.*

JOEL WILLARD, County Judge. In justices' courts, the defendant failing to appear, the plaintiff cannot take judgment by default, he must prove his case and this must be by competent and legal evidence. (*Code sec.* 64, *subdivision* 8; *Jones* agt. *Pridham,* 3 *E. D. Smith,*155; *Perkins* agt. *Stebbins,* 29 *Barb.,* 523 ; *Armstrong* agt. *Smith,* 44 *id.,* 128.)

It is difficult to determine on what principle the witness arrived at the amount of damages sustained by plaintiffs; the only evidence on that point, being that of Henry Baxter, as follows : "The damage to the plaintiffs for removing these bolts out of their possession is ten dollars."

Under the rules of evidence as laid down by all elementary writers, and as established by the universal practice of the courts, this would hardly be considered sufficient to prove the measure of damages in cases of this kind.

But the most important question involved in this case, and perhaps, the one most difficult of solution, is in reference to the authority of the justice to try the cause after a demand had been duly made on the part of the defendant for a trial by a jury of twelve men, embracing as it does the constitutional right of litigants to trial by jury.

There can be no dispute, I think, that a justice of the peace has no authority to empannel a jury of twelve men for the trial of a cause. Juries in justices' courts are limited to six men. (3 *R. S.,* 5 *ed., p.* 441; 2 *Waite's Law and Pr. p.* 593).

In *Dater* agt. *Loomis, (General Term decision in the 5th district, not reported).* MULLIN, J., says: "There is no doubt as to the power of the legislature to enlarge the jurisdiction

of justices of the peace to any amount it may deem proper. These courts will have full power to hear, try and determine all such cases, unless either of the parties shall demand a trial by jury. That done, it may not be in the power of the court to proceed, as it cannot empannel a jury of twelve men. But until that objection is taken, the court may proceed and its judgment will be unquestionably valid."

Then had the defendant a right to a trial by a jury of twelve men? If so, the justice should have entered a judgment of discontinuance of the action, and left the plaintiffs to prosecute their claim before another tribunal.

SELDEN, J., in *Greason agt. Keteltas*, (17 *N. Y.*., 491) says: "The right of trial by jury in a proper case, is absolute, and any decision of the court overruling or denying such right, would be plainly erroneous, but it is a right which can be waived, and if a party who is entitled to it, enter voluntarily upon a trial by the court without objection, he would ordinarily no doubt, be understood as consenting to that mode of trial."

In *Dater agt. Loomis* (*supra*) the court says: "The right of trial by jury, secured by the constitution, applies as well to civil as to criminal cases, and as the court of appeals have held in *Wynehamer agt. The People*, 13 *N. Y.*, 378) that the jury intended by the clause of the constitution referred to, was a jury composed of twelve men; the same number must form the jury in civil cases."

It is claimed on the part of the appellant that this is one of the cases coming within sec. 2, of art. 1 of the constitution, which provides :

"That trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

The word "cases" in the the section of the constitution referred to is to be deemed synonomous with "causes." (*Beecher agt. Allen*, 5 *Barb.*, 173; *Benson agt. Cromwell*, 26 *id.*, 218; *Kundolf agt. Thalheimer*, 12 *N. Y.*, 426).

In all cases which it has heretofore been used is generic, it implies a class of cases, (*Fire Department* agt. *Harrison*, 17 *How.*, 277; *Wynehamer* agt. *People*, 13 *N. Y.*, 426.).

Actions for the delivery of personal property under the Code are a substitute for the actions of replevin under the old practice, and are the same in nature if not in name. (*Roberts* agt. *Randall*, 5 *How.*, 327; *Rockwell* agt. *Saunders*, 19 *Barb.*, 481; *Nichols* agt. *Michael*, 23 *N. Y.*, 269). And the constitutional right of trial by jury, secured to persons in actions of replevin, remain to them in actions under the Code for the possession of personal property.

Prior to the constitution of 1846, replevin was one of the causes of action, of which a justice of the peace had no jurisdiction, but were only cognizable by courts of record. And so it remained in reference to such actions under the Code, down to 1860, when the legislature conferred such jurisdiction in actions where the value of the property claimed did not exceed $100.

Juries in courts of record prior to the adoption of the constitution of 1846, were composed of twelve men, and so have remained to the present time, and the word jury, as used in art. 1, sec. 2, means a common law jury of twelve men. (13 *N. Y.*, 427 *and* 458; 12 *id.*, 190; 1 *Bouv., Law Dic.*, 747; 18 *Barb.*, 451; 2 *Parker, C. R.*, 312.)

This being one of the cases wherein à party was entitled to a trial by a jury, prior to the constitution of 1846, the same right remained thereafter by virtue of art. 1, sec. 2, in the same manner as it had theretofore existed and it was incompetent for the legislature to deprive a party of such right. But I do not understand that such was the intention, and it is certainly not the letter of the law of 1860; for nowhere does it deny the right of a party to a trial by a jury of twelve men. Nor does it limit the trial of such cases to justices' courts, it simply leaves the parties to elect to waive their constitutional right, and try in a justices' court, or to demand a trial in a court of record, where a jury of twelve

Baxter agt. Putney.

men could be obtained; and a plaintiff in bringing such an action in a justices' court, does it at the risk of having it dismissed upon motion of defendant for such a jury.

I am of opinion that the justice erred in refusing to discontinue the suit upon motion of defendant, and for that reason the judgment should be reversed, and it is so ordered.