that he illegally performed his duty, when the inference is that everything required to be done by him to make his acts legal was done.    Mandeville v. Reynolds, 68 N. Y. 528, 534.

Another answer to the plaintiff's contention is that the objection that the person who served the summons was not authorized to serve it cannot avail the plaintiff, or be taken advantage of by her, because she procured the service herself.    She used it as a regular service, tried her suit, and took judgment against the defendant upon it, and collected a portion of the judgment.    Even if the defendant could have taken advantage of it (and he could not, except in the action itself), the plaintiff certainly cannot.    It is a rule of law that no person can take advantage of his own wrong.    He cannot show that a judgment which he has himself obtained is void because of fraud or want of jurisdiction over the person.    Kinnier v. Kinnier, 45 N. Y. 542, 543; Draper v. Trescott, 29 Barb. 406, 407; Billington v. Wagoner, 33 N. Y. 34–36.    Besides, the plaintiff, having collected a portion of the judgment, and thus taken a benefit under it, is estopped from objecting to, or even appealing from, it.    Carll v. Oakley, 97 N. Y. 633; Bennett v. Van Syckel, 18 N. Y. 481; Radway v. Graham, 4 Abb. Pr. 468; Glackin v. Zeller, 52 Barb., at page 152.    The justice before whom the suit was tried had jurisdiction of the subject-matter, and want of jurisdiction of the person might be waived.    Whether the person who served the summons in this case was duly authorized or not is a question which the defendant alone can raise, and he made no objection.

It has been held that a judgment roll showing that the summons was served by the plaintiff himself is not void, but simply irregular. Myers v. Overton, 2 Abb. Pr. 344; Hunter v. Lester, 18 How. Pr. 347.    Where a judgment is merely irregular, no relief can be had against the irregularity except in the action itself.    Such a judgment cannot be attacked collaterally.

For these reasons the judgment appealed from must be reversed, and, as a new trial would not avail the plaintiff, there must be judgment absolute for the defendant, with costs.

---

(16 Misc. Rep. 64.)

NEW YORK SMALL STOCK CO. v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term, First Department.    February 26, 1896.)

JUSTICES OF THE PEACE—JURY TRIAL.
   Under Consolidation Act, § 1372, as amended by Laws 1891, c. 378, providing that, when a trial by jury has not been demanded, the justice may, in his discretion, at any stage, direct a trial by jury, where a judgment of a justice has been reversed, and the case remanded, the justice may, in his discretion, order a jury for the second trial.

Appeal from Seventh district court.

Action by the New York Small Stock Company against the Third Avenue Railroad Company.    Judgment for plaintiff, and defendant appeals.    Affirmed.

Argued before McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson, for appellant.

J. C. Wolff, for respondent.

PER CURIAM.    The plaintiff sues to recover damages caused by the alleged negligence of the defendant.    When the action was before the general term of the court of common pleas on the prior appeal, the judgment, which was in favor of the plaintiff, was reversed, and a new trial ordered, with costs to the appellant to abide the event.    See 13 Misc. Rep. 276, 34 N. Y. Supp. 61.    The sole ground of reversal was that the judgment was against the weight of evidence, and the same ground is urged on this appeal.    The first trial was had before the justice without a jury.    Upon the new trial, the justice, of his own motion, impaneled a jury, which found in favor of the plaintiff.    Defendant's counsel objected to a trial by jury, on the ground that, the first trial having been had without one, the award of a new trial meant that it should be had in like manner.    This does not necessarily follow.    The consolidation act (section 1372), as amended by Laws 1891, c. 378, among other things, provides:

"When an issue of fact has been joined in an action or special proceeding, and a trial by jury has not been demanded, the justice may, in his discretion, at any stage of the action or proceeding, direct that a trial thereof be had by jury, and a trial by jury shall thereupon be had, in the same manner as though either of the parties had demanded it."

In reversing the first judgment, the court laid stress on the fact that it was founded chiefly on interested testimony, while the defense was substantiated by six witnesses, nearly all of whom were disinterested, who were corroborated to an extent by one of the plaintiff's witnesses.    This witness did not testify at the new trial.    Upon the second trial the plaintiff was materially corroborated by Mr. Schlereth, a disinterested witness, who was a passenger on the defendant's car at the time the collision occurred.    So that the present record comes before us with the respondent's case considerably strengthened, and hardly open to the criticism made against the first judgment.    The jury heard the testimony of the different witnesses, and observed their manner of testifying.    It was peculiarly appropriate in a case of this kind, where the testimony was conflicting, that a jury should determine whether the story told by the plaintiff's witnesses was truthful or not.    We cannot now say that the verdict is against the evidence, and, as that is the only objection urged on this appeal, the judgment must be affirmed, with costs.