## SKINNER v. ALLISON.

(Supreme Court, Appellate Division, Second Department. June 5, 1908.)

1. COURTS—MUNICIPAL COURTS—TRIAL BY JURY—NUMBER OF JURORS.

Under Municipal Court Act, Laws 1902, p. 1557, c. 580, § 232, authorizing the court to direct a trial by jury in the same manner as though either of the parties had demanded it, and authorizing the judge unable to determine the issue of fact because of the conflict in the evidence to order a trial by jury, and section 234 (page 1559), providing that in an action for damages exceeding $100 the court on the demand of defendant shall order a jury of 12, the court, on directing a jury trial in an action for damages for $500 after its inability to determine the issues because of the conflict in the evidence, must order a trial of 12 jurors.

2. SAME—RULINGS ON RIGHT TO JURY TRIAL—EXCEPTIONS.

A defendant, asserting at the outset of a trial, before any evidence has been offered his right to a trial by a jury of 12 men, and excepting to the ruling against him, reserves his right to review the ruling, which right is not lost by a subsequent participation in a trial before a jury of 6.

3. SAME.

Where a defendant was entitled to have an issue tried by a jury of 12 men and it was tried by a jury of·6, there was a mistrial.

Appeal from Municipal Court, Borough of Richmond, Second District.

Action by Edwin M. Skinner against Giles S. Allison. From a judgment of the Municipal Court rendered in favor of plaintiff, defendant appeals. Reversed, and new trial ordered.

See 108 N. Y. Supp. 970.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

William King Hall, for appellant.

Albert E. Hadlock, for respondent.

JENKS, J. This action is brought in the Municipal Court to recover $500 on contract. The case came on for trial before the court without a jury, but after submission of the evidence the court directed that a trial of the issue of fact should be had by jury, pursuant to section 232 of the Municipal act (Laws 1902, p. 1557, c. 580). The return shows on the trial day present a justice "and a jury (6)"; that both parties appeared; that there was an amendment of the pleading asked by the defendant and allowed; and that thereupon the defendant demanded a jury of 12, and took an exception to a jury of 6. The court "denied the motion" under exception. The trial proceeded, the evidence of both parties was given, and a verdict was returned for the plaintiff. The defendant appeals from the judgment.

I think that the exception to the refusal of the court to grant the demand for a jury of 12 was well taken. The said section 232 in part provides:

"If after a trial shall have been had before the court, without a jury, the judge shall, within fourteen days after the submission of the case or proceeding, certify that the evidence is of such a conflicting nature that he has been unable to determine the issue of fact, and that he deems it proper that the same should be tried by jury, he may, by order set the same down for trial by a jury for a day not more than eight days from the time of the making of the order, and thereupon the action or proceeding shall be continued in court, and tried by jury as hereinbefore provided in the case where a trial by jury is ordered by the court before the trial."

And by that section it is "hereinbefore provided" as follows:

"The court may, in its discretion, at any stage of the action or proceeding, direct that a trial thereof be had by jury, and a trial by jury shall thereupon be had in the same manner as though either of the parties had demanded it."

The omission of the defendant to demand a trial by jury imported only that he was satisfied to try the issues of fact before the court. It did not involve the waiver of any of the rights afforded to him if he were required by the court to try these issues before a jury. The reason for the provision affording a jury of 12 men rests upon the amount involved alone, inasmuch as that provision applies whenever the damages or the value of the chattel claimed exceed $100. Municipal Court Act, Laws 1902, p. 1559, c. 580, § 234. When a jury trial is directed, and the defendant cannot therefore try his case before the court alone, although he had assented to that forum, he should be assured all of the rights afforded to him by this section so long as the reason for the section exists. Moreover, the defendant had the as-

surance of the statute, supra, that the trial by jury "shall thereupon be had in the same manner as though either of the parties had demanded it," which is broad enough to afford to him affirmatively the benefit of the said section 234. The defendant did not waive his right, but asserted it at the outset of the trial, before any evidence was offered, and then excepted to the ruling against him. Thus he reserved his right to review (Hand v. Kennedy, 83 N. Y. 149), and he did not lose it by his subsequent participation in the trial (Id.; Zollert v. Groht, 21 Wkly. Dig. 325). Although the defendant was entitled to have the issue tried by a jury of 12, it was tried by a jury of 6, and this was a mistrial. Porter v. Cass, 7 How. Prac. 445.

The judgment must be reversed, and a new trial be ordered; costs to abide the event. All concur.