## ASBESTOLITH MFG. CO. v. HOWLAND.

(Supreme Court, Appellate Term.  December 29, 1909.)

1. CONTRACTS (§ 168*)—TERMS—PRIOR ADVERTISING.

Where it could not be reasonably supposed to have been within the contemplation of the parties to a contract for the construction of certain asbestolith floors that all the statements contained in advertising matter sent by plaintiff to defendant some months prior to the contract should be incorporated therein as terms or conditions thereof, the court did not err in rejecting such advertisements, offered generally, without any attempt to show that any particular representation therein was repeated in the subsequent negotiations.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 751; Dec. Dig. § 168.*]

2. CONTRACTS (§ 322*)—BUILDING CONTRACTS—SUBSTANTIAL PERFORMANCE—EVIDENCE.

Evidence held insufficient to sustain a finding of substantial performance of a contract to construct certain floors in defendant's building, for which plaintiff demanded compensation.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. §'322.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Asbestolith Manufacturing Company against Henry S. Howland.  From a Municipal Court judgment for plaintiff, after trial without a jury, defendant appeals.  Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

F. De Lysle Smith, for appellant.
Alfred E. Ommen, for respondent.

GIEGERICH, J.  This action is brought to recover the agreed price for laying so-called asbestolith floors in certain rooms of the defendant's residence at Montclair, N. J.  The defense was that the work had been improperly done in an unworkmanlike manner, and that the plaintiff had failed substantially to perform its contract.  The plaintiff had judgment, after a trial by the court without a jury, and the defendant appeals upon the ground that the judgment is against the weight of evidence, as well as upon exceptions appearing in the record.

I do not think that any errors prejudicial to the defendant were committed by the court below in the admission or rejection of evidence. The main point made by the appellant in that respect concerns the rejection of an advertisement sent to him by the respondent some months before the contract between the parties was finally entered into.  I do not think that it could reasonably be supposed to have been within the contemplation of the parties that all the statements contained in this advertising matter should be incorporated as terms or conditions of the agreement finally entered into between them.  If the appellant had offered to show that any particular representation contained in the advertisement was repeated in the subsequent negotiations, a different question would have been presented.

I am, however, of the opinion that upon a review of the facts, to which the appellant is entitled, it must be held that the judgment is

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

against the weight of evidence. It would serve no useful purpose to detail the facts involved in the somewhat lengthy record; but my conclusion rests mainly upon the testimony of the defendant and his son as to the defects in the floors, and upon their testimony and that of Mrs. Howland concerning the admissions made at different times by a representative of the plaintiff, and upon the proposition that the mottled appearance of the floors as compared with the uniform color of the sample, and the condition of the floors around the registers, constituted substantial breaches of the implied condition of the agreement that the work should be done in a proper and workmanlike manner. While the trial judge appears to me to have tried the case with care and ability, I am of the opinion that he took too liberal a view of what constituted a substantial performance of the contract.

These views lead to the reversal of the judgment and the ordering of a new trial, with costs to the appellant to abide the event. All concur.