(67 Misc. Rep. 429.)
### ASBESTOLITH MFG. CO. v. HOWLAND.

(Supreme Court, Appellate Term.   May 24, 1910.)

JURY (§ 26*)—MUNICIPAL COURTS—STATUTES.

    Under Municipal Court Act (Laws 1902, c. 580) §§ 231, 234, requiring the party demanding a jury to pay $4.50, and providing that a defendant, demanding a trial by a jury of 12, must deposit $9, a party demanding a jury must pay the fee appropriate for the jury demanded; and where a jury of 6 is demanded by plaintiff, who pays $4.50, defendant, demanding a jury of 12, must pay the additional fee, or the court may try the case before a jury of 6.

    [Ed. Note.—For other cases, see Jury, Dec. Dig. § 26.*]

    Page, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by the Asbestolith Manufacturing Company against Henry S. Howland.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before SEABURY, LEHMAN, and PAGE, JJ.

F. De Lysle Smith, for appellant.

Alfred E. Ommen, for respondent.

SEABURY, J.   This action was brought to recover the agreed price for laying asbestolith floors in the defendant's residence.   The defendant claimed that the work was done in an unworkmanlike manner, and that the plaintiff had failed to substantially perform its contract. Upon a former trial the plaintiff recovered a judgment, which upon appeal was reversed as contrary to the weight of evidence.   120 N. Y. Supp. 93.   The last trial was had before the court and a jury of six men, and resulted in a verdict in favor of the plaintiff.   The plaintiff upon the last trial produced four witnesses, who did not testify at the previous trial.   Two of these witnesses gave testimony which materially strengthened the plaintiff's case.   One of the plaintiff's bookkeepers testified that, after the floor was laid, he presented a bill to the defendant, who made no objection to the work, and promised to pay for it.   The evidence given by the defendant was that of interested witnesses.   The exhibits which are claimed to be samples of the plaintiff's work, upon which the appellant places so much reliance, were all under the defendant's control, and were before the jury.   In view of the other evidence, it seems to us that we cannot say that the jury did not accord to these exhibits the consideration to which they were entitled.   So far as the facts are concerned, we are all agreed that no reason exists for disturbing the determination of the jury.

The appellant contends that the last trial was a mistrial, because the case was tried by a jury of 6, instead of 12, men.   The case was set for trial in the court below for January 10, 1910.   On January 5th the plaintiff made a motion, returnable January 10th, for a jury trial. Upon the return day the defendant opposed the motion for a jury trial, but insisted that, if a jury trial was to be had, it should be a jury of 12.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendant did not offer to pay the additional fee required by statute for a jury of 12, and the case was set for trial on January 26th. On this date the case was called for trial, and a jury of 6 men was impaneled, for which the plaintiff had already paid to the clerk the jury fee required by section 231 of the Municipal Court act (Laws 1902, c. 580). Before the jury was sworn the defendant demanded a jury of 12. Both the court and counsel for the plaintiff stated that there was no objection to having a jury of 12, if the defendant would pay the additional fee required by section 234 of the Municipal Court act in cases where an issue of fact is tried by the court with a jury of 12. The defendant declined to pay any jury fee, excepted to the ruling of the court, and the trial proceeded, and resulted as indicated above.

Section 231 of the Municipal Court act provides that:

"At any time when an issue of fact is joined, either party may demand a trial by jury, and unless so demanded at the joining of issue a jury trial is waived. *The party demanding a trial by jury shall forthwith pay* to the clerk, the sum of four dollars and fifty cents, in default of which payment the court shall proceed as if no demand for trial by jury had been made."

Section 234 of the Municipal Court act provides that:

"In an action where the damages, or the value of the chattels as claimed in the complaint, exceed one hundred dollars, if at the time of joining an issue *of fact the defendant demands a trial by a jury of twelve men*, the court shall order a jury of twelve to be summoned to try the issue. * * * The jury fee to be deposited in such cases shall be nine dollars."

It will be noticed that section 231 of the Municipal Court act provides that the fee shall be paid by the party demanding a jury trial. Section 234 of the Municipal Court act relates only to a case where the defendant demands a jury of 12 and provides that:

"The jury fee to be deposited *in such cases* shall be nine dollars."

I think that the fair construction to be placed upon these two sections, when read together, is that the party demanding a jury trial shall pay the fee appropriate for the jury demanded. If a jury of 6 is demanded, $4.50 shall be paid by the person demanding such a jury. If a jury of 12 is demanded by the defendant, after the plaintiff has demanded a jury of 6 and paid the fee of $4.50, there shall be a jury of 12; but in such case the defendant shall pay the additional fee. I know of no case directly in point construing these sections of the Municipal Court act, although there is a dictum in Sherwood v. New York Telephone Co., 46 Misc. Rep. 102, 91 N. Y. Supp. 387, which is in accord with the view here expressed. The defendant had not been deprived of his constitutional right to a trial by a jury of 12, nor is any question of constitutional law here involved. If the statute in plain language provided that the defendant should be accorded a jury of 12 upon condition that he paid the fee prescribed, it could hardly be urged that the defendant was deprived of his constitutional right because he was required to pay the jury fee prescribed. In the case before us the provisions of the statute are not so plain as they might be, and the question for determination is whether the statute contemplates that the additional jury fee shall be paid by the plaintiff or defendant.

For the reasons given above, I am of the opinion that, the defendant having demanded a jury of 12, the statute required him to pay the additional jury fee.

I advise that the judgment be affirmed, with costs.

LEHMAN, J., concurs.

PAGE, J. (dissenting). I am unable to concur in the opinion of the court, for the reason that I believe the defendant was deprived of his constitutional right to a trial of the issue of fact by a jury of 12. The defendant was willing to try the issues before the judge without a jury; but, when the plaintiff moved for a trial by jury, the defendant demanded that, if there should be a trial by jury, it should be a trial by a jury of 12. There was no waiver of his right by his failure to demand a jury trial. Skinner v. Allison, 127 App. Div. 16, 111 N. Y. Supp. 264. Nor do I think that where the plaintiff demands a jury, and pays the $4.50 for a jury of 6, that the defendant is required to pay either $4.50 additional, or $9, for a jury of 12.

Section 234 of the Municipal Court act is a substitute for the former practice under section 3216 of the Code of Civil Procedure, which provided for a removal by the defendant of an action "where the damages claimed or the value of the chattel, or of all the chattels, claimed exceed one hundred dollars," to a court of record, that it might be tried by a jury of 12. This provision was necessary to render the increased jurisdiction of the district courts constitutional, as preserving the right of a defendant to a trial by jury. Article 1, § 2, of the state Constitution provides:

"The trial by jury in all cases in which it has been heretofore used shall remain inviolate forever."

The jury intended is a common-law jury of 12. Wynehamer v. People, 13 N. Y. 378. Therefore, when the jurisdiction of the district courts was increased to an amount exceeding $100, such cases, prior to the adoption of the Constitution, having been triable by jury, and the district court not having the power to impanel a jury of more than six, the act would have been unconstitutional, had it not preserved the right of the defendant to obtain such a trial by removal to a court of record, where he could obtain a common-law jury. People ex. rel. Met. Bd. of Health v. Lane, 6 Abb. Prac. (N. S.) 105. If the action was removed to a court of record, the party that moved the cause for trial would have to pay the jury fee. By the removal the defendant did not become liable to pay the fee for the jury, but the cause proceeded as though originally brought in that court.

I think this view of the law is substantiated by reading the provisions of sections 231 and 234 of the Municipal Court act together. The first provides that either party may demand a trial by jury, and "the party demanding a trial by jury shall forthwith pay to the clerk the sum of four dollars and fifty cents," while the second provides that where the defendant demands a trial by a jury of 12, in the cases therein provided "the jury fee to be deposited in such case shall be nine dollars." It will be noted that section 234 does not provide that

the $9 shall be deposited by the defendant, and I think that this should be construed to require the party that demands the jury to pay the fee. If in the first instance the defendant demands a trial by jury, and if he would be required under section 231 to pay $4.50 if he required a jury of 6, then, on demanding a jury of 12, he would have to pay $9. But when the plaintiff demanded a trial by jury, if, by reason of the defendant's standing on his constitutional rights, a common-law jury of 12 became necessary, then the amount to be deposited by plaintiff would be $9, instead of $4.50. I do not read these two sections of the Municipal Court act as providing that the plaintiff never can be required to pay more than $4.50 as a jury fee and that the defendant shall pay all or a portion of this fee, where the plaintiff demands a jury and the defendant insists on a common-law jury. The plaintiff chooses the jurisdiction for the litigation, and should bear the burdens when he is the moving party.

The defendant having demanded a jury of 12, and not having waived that right, the court had no power to try the case with a jury of 6, and there was a mistrial. Skinner v. Allison, supra. Therefore I think the judgment should be reversed, and a new trial ordered, with costs to abide the event.