brother or from the client any information that his instructions had been carried out until the making of these charges. On the day of the receipt of the money he sent a postal card asking for further proof, and did not countermand it or say "I have received payment which will be transmitted to you in due course through my brother, Maxim Spenser, in Paris, whom I have instructed in that regard." The alleged letter from him to his brother of April 23d is inexplicable upon any reasonable theory. I do not believe it was ever sent, but that it was manufactured after the charges and for the purpose of making a defense. The respondent had the genuine letters of Couchot-Desforges. He had been educated in Paris, was familiar with the French language, and therefore had the knowledge and the instruments necessary for the creation of the forged paper. Couchot-Desforges was beyond the seas. He could not be produced as a witness, and it was believed that in such proceedings his testimony could not be taken by commission. This is evidenced by the strenuous opposition to the motion for a commission and by the arguments and motions upon the hearing before the referee. This is not a criminal case. The Court of Appeals in the Matter of Randel, 158 N. Y. 216, 52 N. E. 1106, in a unanimous opinion, said:

"This is in no sense a criminal proceeding and the statutory rule of no presumption in such cases does not apply."

The facts proven and the fair inferences to be drawn therefrom lead to the inevitable conclusion that the respondent converted his client's money, has interposed in his defense forged documents and false testimony, with knowledge thereof, is guilty of the charges brought against him, is unworthy to continue in the practice of an honorable profession, and must therefore be disbarred. All concur.

---

ASBESTOLITH MFG. CO. v. ROWLAND.

(Supreme Court, Appellate Division, First Department. March 10, 1911.)

1. JURY (§ 28*)—RIGHT TO TRIAL BY JURY—WAIVER.

Waiver of a jury on a first trial does not waive right to one on a new trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 195; Dec. Dig. § 28.*]

2. JURY (§ 26*)—MUNICIPAL COURTS—DEMAND FOR JURY—FEES.

Under Municipal Court Act (Laws 1902, c. 580) §§ 231, 234, requiring the party demanding a jury to pay $4.50, and providing that a defendant demanding a trial by a jury of 12 must deposit $9, a party demanding a jury must pay the fee appropriate for the jury demanded; and where a jury of 6 is demanded by plaintiff, who pays $4.50, defendant, demanding a jury of 12, must pay the additional fee, or the court may try the case before a jury of 6.

[Ed. Note.—For other cases, see Jury, Dec. Dig. § 26.*]

Appeal from Appellate Term.

Action by the Asbestolith Manufacturing Company against Henry S. Rowland. From a determination of the Appellate Term (67 Misc.

Rep. 429, 123 N. Y. Supp. 180), affirming a judgment for plaintiff, defendant appeals. Affirmed.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and DOWLING, JJ.

F. DeLysle Smith, for appellant.

Alfred E. Ommen, for respondent.

LAUGHLIN, J. The action was brought to recover the contract price for laying asbestolith floors in the residence of the defendant at Montclair, N. J. On a former trial before one of the judges of the Municipal Court without a jury the plaintiff recovered; but the Appellate Term reversed the judgment on the ground that the determination with respect to the controverted questions of fact arising on the main issue concerning performance of the contract by the plaintiff and the counterclaim for damages interposed by the defendant was against the weight of the evidence. Asbestolith Mfg. Co. v. Howland (Sup.). 120 N. Y. Supp. 93. On the second appeal to the Appellate Term, the learned counsel for the appellant again contended that the determination on the facts was against the weight of the evidence. These questions were again considered by the Appellate Term, and the justices unanimously determined that the verdict, so far as the questions of fact were concerned, was fairly sustained by the evidence. This court has also been asked to review the questions of fact. We have examined the evidence in the light of the points made by the appellant and are convinced that the verdict should not be disturbed on the questions of fact.

A question of law is presented, however, which requires special consideration, and it is upon this question that the learned justices of the Appellate Term allowed the appeal to this court. The order of the Appellate Term on the former appeal in granting a new trial set the cause down for trial in the Municipal Court on the 10th day of January, 1910. On that day a motion duly made by the attorney for the plaintiff for a trial of the issues by a jury of six was returnable and was argued and decided. It was assumed, notwithstanding the fact that a jury trial was not demanded originally, that the right to make the demand followed the granting of a new trial. That proposition is not questioned and appears to be sustained by authority. Manheim v. Seitz, 36 App. Div. 352, 55 N. Y. Supp. 321. See, also, New York Small Stock Co. v. Third Ave. R. R. Co., 16 Misc. Rep. 64, 37 N. Y. Supp. 637. The attorney for the defendant stated that the defendant did not ask or demand or desire a jury trial, but insisted that, if the trial was to be by jury, that it should be by a jury of twelve. The court evidently considered that, the demand for a jury trial being by the plaintiff only, a jury of six was all that was required, and a formal order for a jury of six was accordingly made and filed. The attorney for the plaintiff deposited with the clerk the sum of $4.50, being the fee required for summoning a jury of six. The case was adjourned until the 26th day of January, and on that day a jury of six was impaneled; but before the jurors were sworn the attorney for the defendant drew the attention of the court to what occurred on the

return day of the motion made by the plaintiff for a jury and said that he did not ask for a jury, or pay or deposit any money for summoning a jury, but merely insisted that if the trial was to be by jury it should be by a jury of twelve. The attorney for the plaintiff then suggested that he had no objection to a trial by a jury of twelve if the defendant desired to pay the extra cost of summoning the additional jurors, and the court afforded defendant an opportunity of so doing, which was declined. The six jurors were then sworn and the trial proceeded. At the Appellate Term two opinions were written on this question, the majority opinion sustaining the action of the trial court, while the dissenting justice took the view that there was a mistrial because twelve jurors were not summoned.

No constitutional question is presented for decision by the appeal. Counsel for the defendant concedes that his client was not entitled to a jury trial unless he demanded it and paid or deposited the amount fixed by the statute as the costs of summoning the jurors and the fees of the jurors, and that his complaint would be groundless if the plaintiff had not demanded a jury trial. The appeal, therefore, presents merely a question with respect to the construction of statutory provisions embodied in the Municipal Court act. The question is: What was the legislative intent with respect to whether or not the plaintiff, on demanding a jury trial, should be subjected to the payment of $9 for summoning a jury of twelve at the election of the defendant instead of $4.50 for a jury of six, which was the only jury he was given the right to demand? The present Municipal Court act (chapter 580, Laws 1902) was prepared by a commission of justices of the Municipal Court pursuant to the provisions of chapter 213 of the Laws of 1901, and presented to the Legislature at its session in 1902. The commission was authorized to revise and codify the laws relating to the Municipal Court of the city of New York. The report of the commission in transmitting the prepared act to the Legislature (19 Langbein's Mun. Ct. Practice, 5th Ed.) does not show that there was any intention to make a material departure from the theretofore existing statutory provisions in enacting sections 231 and 234, which contain the provisions to be construed, and it sheds no light on the question presented for decision nor do their notes to the respective sections. Section 231 of the act provides as follows:

"At any time when an issue of fact is·joined, either party may demand a trial by jury, and unless so demanded at the joining of issue, a jury ·trial is waived. The party demanding a trial by jury shall forthwith pay to the clerk, the sum of four dollars and fifty cents. In default of which payment the court·shall proceed as if no demand for trial by jury had been made."

The section further prescribes the manner of drawing and summoning the jury and then provides for the selection of a jury of six from those so summoned. Section 234, so far as material, provides as follows:

"In an action where the damages, or the value of the chattels as claimed in the complaint, exceed one hundred dollars, if at the time of joining an issue of fact the defendant demand a trial by a jury of twelve men, the court shall order a jury of twelve to be summoned to try the issues. * * * The jury fee to be deposited in such cases shall be nine dollars."

The origin of these sections is traced, in part, in Langbein's Municipal Court Practice (pages 314, 318). Section 234 is a re-enactment without material change, so far as the question presented for decision is concerned, of the last sentence of section 1369 of the Greater New York Charter of 1897 as amended by chapter 466 of the Laws of 1901. So far as material to the question now being considered, it only differs from the former statute in that it prescribes the manner of drawing the jury and the jury fee to be deposited; whereas, the former statute referred to section 1373 of the consolidation act, being chapter 410 of the Laws of 1882, which covered those subjects. Under the consolidation act, and prior thereto, the court of which the Municipal Court is the successor was known as the "District Court," and by section 1373 of that act it was provided that a jury of twelve should be summoned to try the issues in any action where both parties assented thereto, "or where any party shall have claimed and the other shall have assented thereto." With respect to the jury fee it was provided as follows:

"The jury fee to be deposited in such cases shall be six dollars, besides the officer's fees for summoning the jury."

That section was a re-enactment without material change of section 1 of chapter 410 of the Laws of 1869, relating to juries in District Courts in the city of New York. It was provided by section 34 of chapter 344 of the Laws of 1857, which reduced the several acts relating to District Courts in the city of New York into one act, in substance, that if either party desired a trial by jury he must demand it at the time of the joinder of the issues of fact, and if so demanded a jury of six should be procured as therein provided. It was, however, provided in section 39 of that act that a party was not entitled to a trial by jury of the issues, unless at the time of demanding a trial by jury he deposit with the clerk the jury fees and the fees of the officer for summoning the jury. The act then contained no provision with respect to a trial by a jury of twelve.

I have stated the substance of the material statutory provisions bearing on the question to be decided. It is evident, I think, that in so far as the Legislature has specifically provided for a jury of twelve at the instance of the defendant, who has no voice in the selection of the forum, such legislation was enacted to prevent the court being ousted of jurisdiction by a demand on the part of the defendant of his constitutional right, when it existed for trial by a jury of twelve when there was no statutory provision regulating the same and perhaps to remove any doubt there might be in regard to the causes in which that right existed. See Baxter v. Putney, 37 How. Prac. 140, and cases cited. I am of opinion that the Legislature only intended that there should be a jury of twelve when the defendant exercised the right conferred upon him by the statute to demand a trial by jury and to specify a jury of twelve, and that it has no connection with a jury trial demanded by the plaintiff. It is first prescribed in section 231 that either party may demand a jury trial, and it is provided that the party so demanding the jury trial must deposit the jury fees and expenses of summoning the jury, the amount of which is

specified as $4.50. The effect of section 234 is merely to give the defendant the option, in the cases therein prescribed, of demanding that the jury shall consist of twelve members, at the time he exercises his right under section 231 of demanding a jury trial. It is quite clear that, if he demanded a jury trial pursuant to the provisions of section 231, it would be necessary for him to deposit the fees for summoning the jury; and section 234 in that regard was intended to provide that in the event that he demands a jury of twelve, instead of the ordinary jury of six, he should deposit twice the amount which he would have been required to deposit under section 231 for a jury of six. I conceive it to be the proper practice under these statutory provisions for the plaintiff to deposit with the clerk the sum of $4.50 in case he demands a jury, and if the defendant also demands a jury and specifies, in a cause falling within the provisions of section 234, a jury of twelve, it becomes his duty likewise to deposit the same amount; but, where the defendant does not exercise his right to demand a jury trial, he has no election with respect to the number that will constitute the jury demanded by the plaintiff which the statute prescribes shall be six.

It follows that the determination of the Appellate Term shall be affirmed, with costs. All concur.