CERANA APARTMENTS CORPORATIONS, Landlord, Respondent, *v.* ARTHUR G. SOLOMON, Tenant, Appellant.

Supreme Court, Appellate Term, First Department, March 22, 1934.

*Arthur G. Solomon,* appellant in person.

*Jones, Clark & Higson* [*Thomas E. O'Callaghan* of counsel], for the respondent.

FRANKENTHALER, J. Summary proceedings for non-payment of rent of apartment for the months of September to December, 1933, inclusive.

The tenant filed a verified answer in which he admitted the execution and delivery of the lease.

The case was noticed for trial by jury, and at the opening of the trial the court upon the landlord's motion discharged the jury.

The ruling was made under the provision in paragraph seventh of the lease that " the tenant waives and will waive all right to trial by jury in any summary proceeding hereafter instituted by the landlord against the tenant in respect to the demised premises." *Waterside Holding Corporation* v. *Lask* (233 App. Div. 456) sustains the court's ruling.

Although the tenant admitted the execution of the lease it appeared on the trial that contrary to the averments of the petition the lease was not made by the present owner to the tenant, the petitioner herein having acquired title under a referee's deed in a foreclosure action brought against the prior owner and lessor. Upon the production of the referee's deed the tenant moved to dismiss because of the variance between the pleading and the proof.

The motion was properly denied. So far as the merits of the proceeding are concerned it made no difference whether the lease was by the mortgagor or by the landlord herein, the successor in interest of the lessor; in either case the conventional relation would exist between the parties, and the variance was immaterial and amendable.

Over twenty years ago we were told in *Reich* v. *Cochran* (201 N. Y. 450, 455) that these proceedings " should not be so hyper-critically restricted as to destroy the very remedy which they are designed to afford." In the subsequent enactment of the Municipal Court Code the Legislature provided (§ 93, subd. 2) that " at any stage of the cause the court must allow amendment of any summons, process, mandate, pleading, order or judgment, including a petition, precept, answer and final order in a summary proceeding, if sub-stantial justice will be promoted thereby; and as a condition thereof may impose such terms as may be just." The test of amendment in summary proceedings brought in New York city was thus established by statute in the statutory proceeding that amend-ments promoting substantial justice be allowed, with the right, in a proper case, to impose terms upon the party asking amend-ment, thus putting these proceedings beyond the scope of decisions holding apparently trivial errors or defects jurisdictionally fatal. (Keogh Landl. & Ten. Summary Proceedings, 105, 106, 229.)

Following the petition in this matter is a form of verification thereof purporting to be signed by an officer of the landlord's agent, but there is no signature of a notary or commissioner to the jurat. Appellant contends that as the statute (Civ. Prac. Act, § 1415) requires the petition to be verified the unverified petition was insufficient to confer jurisdiction upon the court below, and the precept should accordingly be dismissed.

The tenant, a lawyer, answered the petition by a verified answer,

in which no objection is made to the unverified petition; there was no objection on the trial based on the lack of verification, and the objection is made for the first time on appeal.

This is not a case where upon the default of the tenant an unverified petition was deemed insufficient to confer jurisdiction. (*Marchand* v. *Haber*, 16 Misc. 319.) In the present instance the petition was in effect verified by the testimony given on the trial in behalf of the landlord, and the tenant having answered and joined in the trial without objection must be deemed to have waived compliance with the statute. (See *Matter of O'Connor*, 213 App. Div. 883; *Matter of Balducci*, 195 id. 52.)

Although no point was made on the trial as to the amount of the landlord's demand it is claimed that the judgment is excessive. The apartment was rented for a term commencing June 1, 1932, and ending September 30, 1933, " at the annual rent of fifteen hundred ($1500.00) Dollars rent from June 1, 1932, to September 30, 1932, fifty ($50.00) dollars a month." The meaning of the provision is doubtful; but in the light of respondent's admission that there was a concession upon the annual rent amounting to $75 (the difference between $50 and $125, one-twelfth of the prescribed annual rental of $1,500) for each of the months of June, July, August and September, 1932, the tenant was entitled in the computation of the rent due for the months of September to December, 1933, inclusive, claimed in this proceeding, to an allowance of $75 on the September rent, thus requiring the reduction of the landlord's claim to $425.

Final order and judgment modified by determining that the rent due is the sum of $425 and by directing judgment for said sum, with interest and costs, and as modified affirmed, with $25 costs to respondent.

All concur; present, HAMMER, CALLAHAN and FRANKENTHALER, JJ.