JOHN J. DUNNIGAN, as Receiver, Landlord, *v.* PHILLIP W. FRIEDMAN, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, September 12, 1947.

*Jacob Rosenbloom* for landlord.

*Elmer L. Steinbock* for tenant.

LORETO, J. The validity of a personal judgment entered on April 10, 1934, in this summary proceeding is attacked by the defendant's motion for an order vacating it. Several grounds are urged.

The first, that the petition was not verified, is overruled. The tenant, having answered and appeared on the trial, will be deemed to have waived this defect. (*Cerama Apartments Corporations* v. *Solomon,* 150 Misc. 906.)

The next ground urged is that the trial justice failed to make any determination allowing a money judgment, which was improperly entered by the clerk of the court. This point is well taken.

The only indication in the file of the court's decision is found on the final order form in back of the precept, partially filled out, to the extent of granting a final order to the landlord, and blank as to any determination of amount due to him as rent. The present assignee of the judgment contends that the court could not have awarded the landlord a final order unless it also found some rent due. It is an omission or defect curable pursuant to section 105 of Civil Practice Act, if the trial justice were living and the stenographic minutes available. However, we cannot now assume that he would have rendered a money judgment in any amount. It may well be that he did not intend to do so in view of the answer interposed which alleged that the tenant's occupancy was granted in exchange for services rendered by him.

In any event, there was no authority or power vested in the clerk of the court to enter a money judgment herein. After trial, such a determination must be by the court. This is required by section 1425 of the Civil Practice Act, which states: " * * * If the court finds that a defense or counterclaim has been

established in whole or in part, it shall, upon rendering a final order, determine the amount of rent due to the petitioner or make such other proper disposition as shall determine the rights of the parties * * *." And after trial, the clerk may enter judgment only on the decision of the court as directed therein. (Rules Civ. Prac., rule 198).

The other points raised need not be passed upon.

The motion to vacate the personal judgment herein is accordingly granted.