MIRIAM LEFKOWITZ, Landlord, *v.* WILLIAM RESNICK, Tenant.

Municipal Court of the City of New York, Borough of The Bronx, October 31, 1949.

*Lewis Steinfeld* for landlord.

*Harold I. Gold* for tenant.

LORETO, J. In this summary proceeding the petition lacked a complete verification in that the signature of the notary public was missing. A new trial was directed as a result of a reversal on appeal from the final order. On the first trial, no objection was raised to this defect.

For the first time, at the opening of the second trial the tenant pointed to the omission and moved for a dismissal of the petition, urging that the defect was jurisdictional and fatal to the proceeding. The landlord thereupon asked leave to amend the petition to add the verification. The tenant objected to the granting of such a motion, contending that the defect in the petition is jurisdictional in nature and that such an amendment may not be granted. The court reserved decision on this motion and received testimony given by the notary public on the question as to whether or not, in fact, he duly verified the petition although the written verification was incomplete. The only testimony he gave was to the effect that it was his practice to administer the oath in all instances when papers were presented to him for verification and that then he would invariably affix thereon his signature and notarial stamp. However, he could not recall having done that in connection with this petition wherein his signature was not affixed to the verification. The court held such proof to be inadequate to establish that, in fact, the petition had been duly verified. And the court declining to permit, over the protest of the tenant, its verification in court, granted the motion to dismiss the petition without prejudice.

The landlord now seeks a reargument of the tenant's motion to dismiss the petition, arguing that the tenant has waived for any subsequent trial any objection he had to that defect by his failure to raise it on the first trial; and the landlord further asks the court to reverse its decision dismissing the petition and to restore this proceeding to the calendar for trial on a day certain. This argument is premised on the holding to the effect that the omission of the verification of the petition in a summary proceeding is a defect, which if not objected to by answer or during trial, will be deemed waived (*Cerana Apts. Corp.* v. *Solomon,* 150 Misc. 906).

The only point, it seems to the court, which is open for review on this motion, is whether such a waiver of this defect in the petition on the first trial, is binding against the tenant on the second trial. The court is of the opinion that it is not.

It appears that the reversal by the appellate court, ordering a new trial, was complete and without reservation. Such a direction of a new trial does not mean that the court in the subsequent trial is bound in its determination of issues raised respecting pleadings and proof by any waiver of the parties found in the record of the earlier trial. In *Moulor* v. *American Life Ins. Co.* (111 U. S. 335, 337), the court stated: " Undoubt-

edly, it was competent for the company to waive that or any other defence arising out of the conditions of the policy; but, clearly, its willingness, at one trial, to risk its case before the jury, upon a single one of several issues made, did not preclude it, at a subsequent trial, from insisting upon other defences, involving the merits, which had not been withdrawn of record, or abandoned in pursuance of an agreement with the plaintiff.''

While it is true that a plea to the jurisdiction of the person cannot be insisted on at a new trial, where it has been waived or abandoned, as to all other matters pertaining to procedure, pleadings and proof the parties start afresh (46 C. J., New Trial, § 582). For instance, the waiver of a jury on the first trial, does not preclude a party from obtaining a jury on a second trial (*Asbestolith Mfg. Co.* v. *Howland,* 143 App. Div. 418, 420). And as to pleadings, the general principle is stated in *Corpus Juris* (Vol. 46, New Trial, § 581) as follows: '' After a new trial has been granted the court possesses the same power with reference to the pleadings as it had before the trial; it may permit the withdrawing of a demurrer which was overruled before the trial, rule on a demurrer which was overlooked, reverse its former rulings as to the sufficiency of the pleadings, and, in its discretion, allow either party to amend his pleadings.''

And regarding the proof permissible on a new trial, it has been held that where there is a trial *de novo* '' *  *  *  nothing that was done or decided on the former trial has any binding force '' (*New York Dock Co.* v. *Flinn-O'Rourke Co.,* 121 Misc. 155, 157).

Nor is the trial court to be hampered in its evaluation of evidence by any opinions respecting it made by a judge on the prior trial. '' On a new trial it will be the duty of the trial judge, exercising an independent judgment, to draw his own inferences and reach his own conclusion (*Gugel* v. *Hiscox,* 216 N. Y. 145, 152) '' (*Ga Nun* v. *Palmer,* 216 N. Y. 603, 612).

Accordingly, the motion for reargument is granted and on the reargument the original decision is adhered to.