### BARNES v. SMITH, Judge.

No. 27245.   Jan. 26, 1937.

Glenn O. Young, for plaintiff.

J. V. Frazier and Streeter Speakman, for defendant.

BUSBY, J.   This is an original action in which Guy N. Barnes seeks by mandamus to compel the trial of an action ex delicto now pending and at issue in the district court of Creek county in which he is plaintiff.

By chapter 10, S. L. 1933, it is provided:

"Section 1.   Where the court fund provided for any fiscal year for any county, superior or district court of this state, shall become exhausted or so depleted that it may appear to any party plaintiff or defendant in a civil action not based upon contract pending before such court, and triable by a jury, that such party cannot procure an immediate trial by jury, such party may procure a trial by jury by filing his written request in said action, and by delivering a copy thereof to any judge of such court in which such case is pending, and by depositing with the court clerk of such county, in such case, a sufficient cash deposit to pay the per diem of at least eighteen jurors, as hereinafter set forth. In no event, however, shall such original deposit be required in excess of the sum of fifty ($50.00) dollars.

"Section 2.   Upon the presentation of such written request as is set forth in section 1 hereof, it shall be the duty of such judge of such court to immediately set said cause for trial within thirty days thereafter, and upon twenty days notice given to all parties or their attorneys of record by the court clerk by registered mail, and to immediately direct and order the drawing of a petit jury, consisting of not less than eighteen men, and of no greater number than requested by the party to the action making demand for such jury. Such jury shall be drawn and impaneled as is now provided by the laws of this state for the drawing of a petit jury. If the number of jurors impaneled shall be found to be insufficient to make up a trial jury for such case, then such deficiency may be supplied by a drawing of talesmen or special venire, as is now provided by the statutes of this state; provided, however, that nothing contained in this act shall prevent any continuance of said case for any cause or grounds now provided by law.

"Section 3.   The jurors so impaneled under the provisions of this act shall draw as compensation for their services a per diem of two ($2.00) dollars per day, and mileage at the rate of five cents (5c) per mile for every mile of necessary travel in going to and returning from the place of meeting of the court, to be paid by the court clerk out of the funds so deposited with him. At the close of any day of such trial, if it should appear that another day will be necessary in order to conclude such jury trial, and it shall appear to the clerk or the judge of such court that the funds theretofore deposited will not be sufficient to pay the jurors so impaneled for the additional day, the court may require the party to the action making the original demand for a trial to make an additional deposit sufficient to pay the per diem of such jury each additional day to which the said trial may be adjourned, and upon the failure of such party to make such deposit it shall be the duty of such judge to continue such case and excuse the jury from further service."

Guy N. Barnes, as plaintiff in the action pending in the district court of Creek county, invoked the provisions of the foregoing statute by filing the request and making the deposit thereby required. The district judge refused to act in accordance with the requirements of the statute on the theory that the same is unconstitutional. Thereafter the plaintiff instituted this original action in this court to compel an observance of the statute, which he asserts is valid.

Preliminary motions to dismiss having been previously denied by this court, it remains for us to determine the validity of the act.

The defendant in urging the unconstitutionality of the act fails to call our attention to the particular sections of the Constitution said to be violated or to cite any authorities in support of the theories and objections advanced.

This court will not declare any act of the Legislature unconstitutional and void, unless the invalidity of the questioned legislation is clearly apparent or definitely established.

The statute does not in any manner infringe upon existing rights to a jury trial. It merely provides a means in a designated class of cases whereby that right may be exercised at the option of a party willing to bear the expense, notwithstanding the exhausted or depleted status of the court fund. In this respect it carries out the spirit of our state Constitution, which by art. 2, sec. 6, provides:

"The courts of justice of the state shall be open to every person and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

The power of the Legislature to regulate court procedure, while not unlimited, is too well recognized to admit of serious question. Since the Legislature possesses the power to regulate with reference to the subject matter of the act under discussion, it necessarily possesses the correlative power to make reasonable classification for the purpose of regulation. It has in this instance done so by limiting the application of the law to actions not arising from contract. In the cases thus excluded, the litigant has an opportunity to choose the opposite party to the contract and may thus exercise his judgment in advance as to the financial or moral responsibility of the person who later becomes his adversary in litigation. In other cases he enjoys no such previous power of selection. The Legislature may upon these considerations well have reasoned that more care should be exercised to provide a speedy means of redress in the cases falling within the statute. Thus a reasonable basis for the classification exists which frees the same from constitutional objections under equal protection constitutional clauses. Cooley, Const. Lim. (8th Ed.) p. 825.

This statute does not, as defendant contends, impose an illegal burden on litigants falling within the class designated by compelling them to pay an excessive charge to obtain a jury. On the contrary, it does not impose any burden. It merely offers a litigant an opportunity to voluntarily assume a burden which would otherwise be borne in a large measure by the public. It is by no means certain that such a charge, even if made obligatory, would violate constitutional inhibitions. Anno. 32 A. L. R. 865.

Cases may arise in which it is virtually impossible, for some good reason, to comply literally with the statute by calling a jury panel and conducting a trial within the 30-day period provided. In such a case we may be called upon to decide whether the time provision is directory or mandatory, but that question may rest for the present, since impossibility of compliance is not urged in this case. Certainly inconvenience or disinclination should never constitute a ground for failure to observe this requirement, for courts are organized for the purpose and charged with the duty of serving the needs of litigants. This duty can only be discharged by according those who come before the court for the vindication or protection of their rights a proper and (so far as humanly possible) timely hearing.

It is the obvious purpose of the Legislature in enacting the questioned legislation to render a measure of assistance to the courts in discharging this duty. It is a matter of common knowledge that in many of the counties of the state, inadequacy of court funds causes sluggishness in the dispensation of justice. To a degree this statute may alleviate that situation. It is a definite step in that direction and as such worthy of commendation.

Constitutional doubts being eliminated, the trial court will proceed in conformity with the statute. A writ of mandamus will be granted.

OSBORN, C. J., BAYLESS, V. C. J., and GIBSON and HURST, JJ., concur.