2005 OK CIV APP 78

The BAPTIST FOUNDATION OF OKLAHOMA, as Trustee of the Grace Juanita Murrell Revocable Trust, Plaintiff/Appellant,

v.

Bill G. LOWE, Defendant,

and

Sharon Post, Court Clerk for Seminole County, Oklahoma, Appellee.

No. 100,870.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 23, 2005.

Richard L. Rose, Jack S. Dawson, Miller Dollarhide, Oklahoma City, OK, for Plaintiff/Appellant.

Opinion by BAY MITCHELL, Judge.

¶ 1 Appellant, Baptist Foundation of Oklahoma (BFO), appeals from an order requiring it to pay the $349.00 fee owed in civil cases when a jury is requested. The fee is specifically required by 28 O.S.2001 § 152.1(A)(7).[1] BFO contends it never requested a jury and it does not owe the fee. The Appellee did not file an answer brief.

¶ 2 BFO's petition initiating this case, filed in July, 2003, included the language:

"ATTORNEY LIEN CLAIMED JURY TRIAL DEMANDED."

Several months later, in January, 2004, the Seminole County Court Clerk sent BFO a notice that it owed a jury trial fee of $361.00.[2] BFO did not pay this fee and, in fact, two weeks later the parties settled the case. BFO filed a motion and brief challenging the assessed fee on the ground that it had not requested a jury trial despite the "JURY TRIAL DEMANDED" language at the end

---

1. Subsequent amendments have not altered the applicable provisions of this statute.

2. The statutory fee is $349.00 and it is unclear why the fee requested here was $361.00.

of the petition. BFO pointed out that the case had not yet been set for trial, nor had either party filed a motion to enter or other motion to set the case for trial. Furthermore, BFO contends that including **"JURY TRIAL DEMANDED"** on the petition is merely a reservation of rights in the event the case is removed to federal court.

¶3 Three statutes must be considered here. First, 28 O.S.2001 § 12 is a general statute allowing the trial court to request a deposit for anticipated costs. It provides:

No fees allowed by law shall be due or demanded until the services for which such fees are chargeable shall have been performed, provided however, that the court clerk may require a deposit for anticipated costs.

Next is 28 O.S.2001 § 152 which requires the clerk to collect the payment of certain fees at the time of filing certain types of cases. It provides in pertinent part:

A. In any civil case filed in a district court, the court clerk shall collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs except as is otherwise specifically provided for by law. . . .

Finally, 28 O.S.2001 § 152.1 allows the clerk to collect certain additional fees. It provides:

A. In civil cases, the court clerk shall collect and deposit in the court fund the following charges in addition to the flat fee: . . .

  7. When a jury is requested—$349.00. . . .

¶4 The Supreme Court construed § 152.1 in *Naylor v. Petuskey,* 1992 OK 88, 834 P.2d 439. There, the Oklahoma County Court Clerk had treated the jury fee as a filing fee, requiring its payment each time a motion to enter was filed, because those motions requested the case be set for jury trial. The Supreme Court determined that the clerk's practice was not authorized by the statute.

¶5 The Court in *Naylor* discussed the legislative intent of § 152.1 as follows:

[T]he court clerk shall charge a litigant for the performance of specified services, which are not ordinary, routine services afforded every litigant and are not included in the initial filing fee. . . . [I]t is clear that the purpose of the fees is to defray the expense of performing certain tasks other than the filing and docketing of documents in a pending action.

*Naylor* ¶6, 834 P.2d at 441. *Naylor* held the filing of a motion to enter was not a jury request under § 152.1 requiring the payment of the jury fee because the motion did not "require the performance of services other than routine filing and docketing." *Naylor* at ¶7, 834 P.2d at 441.[3] The same is true in the instant case. Including **"JURY TRIAL DEMANDED"** in the petition did not require the court clerk to do anything more than routine filing and docketing. It necessitated no additional handling.

¶6 The order of the trial court is reversed. No jury fee was due and owing.

¶7 REVERSED.

ADAMS, P.J., and BELL, J., concur.

---

**3.** *Naylor* also holds, however, that the court clerks may charge and collect the jury fee "as a prerequisite to accepting the first motion to enter for filing and docketing. . . ." *Id.* at ¶9. Arguably, such fee collected in advance would be refundable if no jury was convened and the court clerk performed no services and incurred no expense related thereto. This position is supported by 12 O.S.2001 § 12 which authorizes the court clerk to require a "deposit for anticipated costs." This, however, is not an issue before us.