2005 OK 86

Timothy M. BARZELLONE, on behalf of himself and all others similarly situated, Plaintiff/Appellant,

v.

Patricia PRESLEY, in her capacity as the Oklahoma County Court Clerk, Defendant/Appellee.

No. 102,427.

Supreme Court of Oklahoma.

Nov. 29, 2005.

David L. Thomas, Oklahoma City, OK, for plaintiff/appellant.

Richard N. Mann, Assistant District Attorney, Timothy E. Rhodes, Oklahoma County Court Clerk's Office, Oklahoma City, OK, for defendant/appellee.

Kenneth G. Cole, Burch & George, P.C., Oklahoma City, OK, for amicus curiae, Oklahoma Trial Lawyers Association.

WATT, C.J.

¶ 1 Three issues are presented on appeal. The first is whether the imposition of a jury fee violates the Okla. Const. art. 2, § 19 [1] providing that the right to jury trial shall be and remain inviolate or the guarantee of access to courts found in the Okla. Const. art. 2, § 6.[2] If a jury fee is constitutionally permissible, we are asked whether the $349.00 fee provided by 28 O.S. Supp.2004 § 152.1(A)(7) [3] is excessive. Finally, we must determine whether the $349.00 jury fee imposed is refundable if no jury is called.

¶ 2 We determine that the collection of jury fees, which may be charged as a prerequisite to accepting the first motion to enter for filing and docketing in a pending action, is constitutional under art. 2, §§ 6 and 19 of the Oklahoma Constitution. This holding conforms with the teachings of *Barnes v. Smith*, 1937 OK 26, 64 P.2d 1217, *Royal-park–Moore v. Hubbard*, 1973 OK 10, 508 P.2d 1064, *Naylor v. Petuskey*, 1992 OK 88, 834 P.2d 439 and *Mehdipour v. State ex rel. Dept. of Corrections*, 2004 OK 19, 90 P.3d 546 aligning Oklahoma with the majority position. It is also consistent with 28 O.S.2001 § 12 [4] allowing court clerks to require deposits for anticipated costs.

¶ 3 The Constitution was never intended to guarantee the right to litigate entirely without expense to the litigants, nor to impose upon the public the entire burden of the expense of the maintenance of the courts.[5] The minimum average costs of providing six and twelve-person juries are $480.00 and $840.00,[6] respectively. The $349.00 fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7) is clearly inadequate to cover all the expenditures necessary in empaneling a jury. Therefore, we hold that the $349.00 jury fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7) is reasonable and not excessive. It does not limit the access to justice guaranteed by the Okla. Const. art. 2, § 6 nor does it violate art.

1. The Okla. Const. art. 2, § 19 provides in pertinent part:
 "The right of trial by jury shall be and remain inviolate ... Juries for the trial of civil cases, involving more than Ten Thousand Dollars ($10,000.00), and felony criminal cases shall consist of twelve (12) persons. All other juries shall consist of six (6) persons. However, in all cases the parties may agree on a lesser number of jurors than provided herein...."
 The right to jury trial in the federal realm is guaranteed by the 7th Amendment to the United States Constitution. The amendment is inapplicable to state court proceedings. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 116 S.Ct. 2211, 2222, 135 L.Ed.2d 659 (1996). The United States Const. amend. 7 provides:
 "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."

2. The Okla. Const. art. 2, § 6 provides:
 "The courts of justice of the State shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property, or reputation; and right and justice shall be administered without sale, denial, delay, or prejudice."

3. Title 28 O.S. Supp.2004 § 152.1(A)(7) provides:
 "A. In civil cases, the court clerk shall collect and deposit in the court fund the following charges in addition to the flat fee:
 (7) When a jury is requested .......... $349.00."

4. Title 28 O.S.2001 § 12 provides:
 "No fees allowed by law shall be due or demanded until the services for which such fees are chargeable shall have been performed, provided, however, that the court clerk may require a deposit for anticipated costs."
 *Petuskey v. Cannon*, see note 10, infra.

5. *Mehdipour v. State Dept. of Corrections*, see note 27, infra.

6. See ¶ 22 and accompanying footnotes, infra.

2, § 19's promise of an inviolate right to jury trial.

¶4 The highest courts in three states have addressed the issue of whether jury fees must be returned where jury service is not ultimately required. The sole decision requiring a refund has been limited by subsequent opinions and by the general practice of the state.[7] The other opinions hold in favor of retention and are well-reasoned.[8] They are also consistent with *In re Lee*, 1917 OK 458, 168 P. 53 and the expressed legislative intent found in the interplay between 28 O.S. Supp.2004 § 152.1(A)(7) and 10 O.S. Supp. 2002 § 7110.1.[9] We determine that the $349.00 jury fee imposed by 28 O.S. Supp. 2004 § 152.1(A)(7) is not subject to refund if jury services are not utilized.

## UNDISPUTED FACTS

¶5 On March 5, 2004, Barzellone filed a class action challenging the constitutionality of the $349.00 jury fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7). He sought a declaratory judgment barring the defendant/appellee, Patricia Presley (court clerk), from collecting the jury fee in future causes.

¶6 Barzellone moved for summary judgment. In response, the court clerk filed an objection to the motion and filed for summary judgment. The court clerk argued that the fee statute was not unconstitutional and that she was required to collect the fee both under the statutory provision and pursuant to Administrative Directive 2003–79 issued on October 20th, 2003.[10]

7. *State v. Graf*, 72 Wis.2d 179, 240 N.W.2d 387, 391 (1976) [*Graf* has been overruled on some points and is inefficacious as it relates to the refund of fees. See, ¶30, infra].

8. *Fried v. Danaher*, see note 33, infra; *Butler v. Supreme Judicial Court*, see note 34, infra.

9. Title 10 O.S. Supp.2002 § 7110.1, see note 68, infra.

10. Administrative Directive 2003–79, effective November 1, 2003, provides in pertinent part:
 "CIVIL FILING FEES ... Other fees ... When a jury is requested (civil only) .......... $350.00...." [Emphasis in original.]

¶7 On July 14, 2005, after a hearing, the trial court overruled Barzellone's motion and granted the court clerk summary judgment. Barzellone filed his petition in error and motion to retain on August 12, 2005. The motion was granted on the 30th and the parties were ordered to file briefs. The order setting the briefing schedule also notified the Attorney General of the filing of the appeal attacking the constitutionality of state statutes. The order informed the Attorney General[11] and any interested *amici curiae*[12] that, if briefs were filed in the cause, they would be held to the same briefing schedule as the parties. The Attorney General declined briefing of the issues. The parties and the *amicus curiae*, Oklahoma Trial Lawyers Association (Association), filed their briefs-in-chief on October 12, 2005. The briefing cycle was completed on November 1, 2005, with the filing of simultaneous reply briefs.

## DISCUSSION

¶8 a. **The collection of jury fees is constitutional under the Oklahoma Constitution, art. 2, §§ 6 and 19.**

¶9 Although Barzellone seems most concerned with the amount of the jury fee, he also argues that the guarantee of art. 2, § 19[13] that the right to a jury trial "shall be and remain inviolate" and art. 2, § 6's[14] promise that "justice shall be administered without sale, denial, delay, or prejudice" are rendered meaningless when **any fee** is imposed for the empaneling of a jury. Therefore, he asserts that the fee included within

A court clerk is given no discretion in collecting the statutorily imposed jury fees. Title 28 O.S. 2001 § 12, see note 4, supra; *Petuskey v. Cannon*, 1987 OK 74, ¶31, 742 P.2d 1117.

11. Title 12 O.S. Supp.2003 § 1653(C). On October 7, 2005, the Attorney General filed a notice with the Court declining to participate in the appeal.

12. Rule 1.12, Rules of the Supreme Court, 12 O.S.2001, Ch. 15, App. 1.

13. The Okla. Const. art. 2, § 19, see note 1, supra.

14. The Okla. Const. art. 2, § 6, see note 2, supra.

28 O.S. Supp.2004 § 152.1(A)(7)[15] is unconstitutional. The assertions of the *amicus curiae* are substantially similar.

¶ 10 The court clerk did not address the constitutional arguments in the brief in chief or in the reply. Nevertheless, we presume her position to be in opposition to that of Barzellone and the Association.[16] Jury fees set by statute cannot be circumvented by procedural nicety. It is the duty of the court clerk to charge and collect the fee[17] prescribed by 28 O.S. Supp.2004 § 157.1(A)(7).

¶ 11 As early as 1917, the Court determined that the collection of a $25.00 docketing fee to be deducted from a non-refundable advance payment to the Supreme Court Clerk of $40.00 dollars in appellate cases was not a sale or denial of justice[18] within the meaning of art. 2, § 6. By 1932, it was recognized that the right to reasonable court fees was so generally accepted that its discussion seemed unnecessary. Rather, the imposition of such fees was determined not to be a denial or sale of justice within the meaning of art. 2, § 6 provided they were uniform, reasonable and related to the services provided. The language of the constitutional provision was deemed to mean simply that justice could not be bought, nor that litigation expenses, in the nature of costs and disbursement, be so exorbitant and onerous as to virtually close the courthouse doors.[19]

¶ 12 The controversy in *Barnes v. Smith,* 1937 OK 26, 64 P.2d 1217 involved the prior collection of a fee, to be posted with the court clerk, intended to defray the *per diem* of the eighteen jurors summoned. The *Barnes* Court determined that a statute allowing a collection of $50.00 in causes, not involving contracts, from parties seeking a jury trial when court funds were exhausted was not prohibited by the inviolate right of jury trial guaranteed by the Oklahoma Constitution. In doing so, the Court rejected an argument that the charge was an illegal restraint on the right of jury trial. To the contrary, it determined that the statute carried out the spirit of art. 2, § 6 and imposed no burden. Rather, litigants were offered an opportunity to voluntarily assume a charge which would otherwise have been borne by the public. Finally, the *Barnes* Court opined that "[i]t is by no means certain that such a charge, **even if made obligatory,** would violate constitutional inhibitions." [Emphasis provided.] Last year, relying on *Barnes,* we issued an order holding that, in civil cases where litigants are entitled to a jury trial, the party demanding the jury trial is obligated to prepay the cost[20] required in 28 O.S. Supp.2004 § 152.1(A)(7).

**15.** Title 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra.

**16.** Although the court clerk was directed by our order of September 22, 2005, to address the constitutional arguments, the briefs filed present a jurisdictional question which is unconvincing. The gist of the court clerk's position is that, because Barzellone did not contest the filing fee in previous litigation, he is barred from bringing a declaratory judgment action. Title 12 O.S. Supp.2004 § 1651 provides that "[D]istrict courts may, in cases of actual controversy, determine rights ... including but not limited to a determination of the construction or validity ... of any statute ...". The declaratory judgment statutes are to be liberally construed to obtain the objective of expediting and simplifying the ascertainment of uncertain rights. An action for declaratory relief is an appropriate cause to be brought by a person adversely affected by a statute. Furthermore, the person need not violate the questioned law to obtain a declaration of its validity. *State v. Lawton,* 1974 OK 69, ¶¶ 8 and 9, 523 P.2d 1064. Finally, the question of whether we should grant declaratory relief is not a question of power or jurisdiction but the appropriateness of that particular procedure or remedy. *Ethics Comm'n v. Cullison,* 1993 OK 37, ¶ 6, 850 P.2d 1069. This Court has jurisdiction to provide declaratory relief so as to afford a party a means to vindicate a judicially cognizable interest. *Ethics Comm'n v. Cullison,* this note, supra; *Conoco, Inc. v. State Dept. of Health,* 1982 OK 94, ¶ 18, 651 P.2d 125. Furthermore, the issue of jury fee collections is a matter of *publici juris,* warranting consideration by this Court. *Naylor v. Petuskey,* see note 24, infra.

**17.** *Naylor v. Petuskey,* see note 24, infra; *Petuskey v. Cannon,* see note 10, supra.

**18.** *In re Lee,* 1917 OK 458, ¶ 0, 168 P. 53.

**19.** *Howe v. Federal Surety Co.,* see note 22, infra.

**20.** *Colley v. Harbour,* 2004 OK 90, ¶ 2, 104 P.3d 584 [The cause did not address the constitutional questions raised here; therefore, it is not dispositive of the cause.].

¶ 13 *Royalpark–Moore v. Hubbard*, 1973 OK 10, 508 P.2d 1064 addressed the necessity of the pre-payment of jury fees in small claims actions. The Court held that litigants must timely take certain steps before being entitled to a jury trial. These requirements, including the prepayment of a $25.00 jury fee, were found to be constitutional under the Okla. Const. art. 2, § 19. In reaching this determination, the *Hubbard* Court reasoned that the constitutional provision did not preclude legislative action in prescribing a procedure to be followed in obtaining a jury trial.[21]

¶ 14 This Court has upheld a variety of fees, either collected by the court clerk or taxed as costs, against constitutional challenge.[22] In *Naylor v. Petuskey*, 1992 OK 88, 834 P.2d 439 involving 28 O.S.1991 § 152.1 [23] —a statute identical to 28 O.S. Supp.2004 § 152.1(A)(7) except for the difference in the amount of jury fees to be collected—was

considered. There, the court clerk had been charging multiple jury fee costs with the filing of each document indicating a jury trial was anticipated. Although the authority to collect a jury fee was limited to a one-time instance in *Naylor*, we held that the statute authorized the various court clerks to charge the jury fee prior to the commencement of each jury selection process, collected as a prerequisite to accepting the first motion to enter for filing and docketing in a pending action.[24]

¶ 15 Most recently, in *Mehdipour v. State ex rel. Dept. of Corrections*, 2004 OK 19, 90 P.3d 546, we upheld a statute [25] requiring inmates to prepay filing fees in civil proceedings if they had previously filed three or more meritless civil lawsuits against a constitutional attack based on art. 2, § 6 and the due process clauses of the Oklahoma and United States Constitutions.[26] In upholding

21. In 1987, the Court was asked to determine whether an administrative law judge exceeded his authority in issuing an order forbidding the court clerk from collecting the prepayment of jury fees from landowners in condemnation cases. We held that the administrative law judge had exceeded his authority in *Petuskey v. Cannon*, see note 10, supra. Furthermore, the Court concluded that the order was discriminatory and that it constituted unequal protection to assess a prepayment fee for a jury trial for parties in certain causes, while not requiring it in others. *Petuskey* is inapposite to the issue presented here as the $349.00 fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra, applies to all parties equally who file jury trial demands.

22. *Thayer v. Phillips Petroleum Co.*, 1980 OK 95, ¶ 15, 613 P.2d 1041 [Taxing a reasonable attorneys fee in small claims procedure transferred to district court does not violate the 14th Amendment or section of constitution providing for ready access to courts.]; *Matter of Rich*, 1979 OK 173, ¶ 8, 604 P.2d 1248 [Indigent state prisoner was not entitled to a free trial transcript on a civil appeal from order in proceeding and failure to provide transcript was not a denial of constitutional rights to due process and equal protection.]; *Howe v. Federal Surety Co.*, 1932 OK 730, ¶ 0, 17 P.2d 404 [Twenty-five dollar deposit in causes filed in the Supreme Court held not in violation of constitutional provision prohibiting sale or denial of justice and right.]; *Ardmore Hotel Co. v. J.B. Klein Iron & Foundry Co.* ¶ 0, 104 Okla. 125, 230 P. 734, [Statute permitting recovery of attorney's fee held valid under the Okla. Const. art. 5, § 59 and the United States Const. Amend. 14.]. To the same effect see, *Baker v. Farmers' & Merchants' State Bank*, 1926

OK 265, ¶ 0, 245 P. 555; *Keaton v. Branch*, 1924 OK 919, ¶ 0, 231 P. 289; *Hutchinson Lumber Co. v. Scrivener*, 1923 OK 540, ¶ 0, 217 P. 854; *Scott v. Iman*, 1918 OK 620, ¶ 8, 176 P. 81. See also, *Clarady v. State*, 1913 OK CR 140, 9 Okla.Crim. 552, 132 P. 691 [Constitutional right of appeal does not contemplate an appeal for delay or at the expense of the people except in the case of paupers.]. Fees not general in nature have been struck as unconstitutional. See, *Chicago, R.I. & P. Railroad Co. v. Mashore*, 1908 OK 95, ¶ 19, 96 P. 630.

23. Title 28 O.S.1991 § 152.1 provides in pertinent part:

"In civil cases other than those in the small claims division, the court clerk shall collect and deposit in the court fund the following charges in addition to the flat fee:
... 6. When a jury is requested ..........
$50.00 ..."

24. Constitutional issues were not reached in *Naylor v. Petuskey*, 1992 OK 88, ¶ 9, 834 P.2d 439 because the Court concluded that the clerks were not authorized to collect multiple fees prior to jury trial.

25. Title 57 O.S.2001 § 566.2.

26. Due process protections encompassed within the two constitutions are coextensive. *Presley v. Board of County Comm'rs*, 1999 OK 45, ¶ 8, 981 P.2d 309. Furthermore, there may be situations in which the Oklahoma provision affords greater due process protections than its federal counterpart. *Turner v. City of Lawton*, 1986 OK 51, ¶ 10,

the fee collection, the Court acknowledged that art. 2, § 6 was not intended to guarantee utilization of the courts entirely without expense to the litigants, nor to impose upon the public the entire monetary burden of the maintenance of the courts.[27]

¶ 16 Almost uniformly, courts faced with the issue of the constitutionality of jury fee collection statutes have upheld the collections.[28] Considering the majority position along with the teachings of *Barnes v. Smith,* 1937 OK 26, 64 P.2d 1217, *Royalpark–Moore v. Hubbard,* 1973 OK 10, 508 P.2d 1064, *Naylor v. Petuskey,* 1992 OK 88, 834 P.2d 439 and *Mehdipour v. State ex rel. Dept. of Corrections,* 2004 OK 19, 90 P.3d 546 and 28 O.S.2001 § 12 allowing court clerks to collect anticipated costs, we hold that the collection of jury fees, as a prerequisite to accepting the first motion to enter for filing and docketing in a pending action, is constitutional

under art. 2, §§ 6 and 19 of the Oklahoma Constitution.

**¶ 17 b. The amount of the jury fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7), $349.00, is reasonable when considered with the minimum average costs of providing either six or twelve-person juries.**

 ¶ 18 Having determined that the imposition of a jury fee is not unconstitutional, we now address Barzellone's and the Association's contentions that the $349.00 fee imposed by 28 O.S. Supp.2004 § 152.1(A)(7)[29] is too high. They argue that the fee unreasonably limits the access to justice guaranteed by the Okla. Const. art. 2, § 6[30] and art. 2, § 19's[31] promise of an inviolate right to jury trial.[32]

¶ 19 Historically, the pre-payment of jury fees ranging from $6.00 to $100.00 has been upheld against constitutional attack.[33] Over

---

733 P.2d 375, *cert. denied,* 483 U.S. 1007, 107 S.Ct. 3232, 97 L.Ed.2d 738 (1987). The Okla. Const. art. 2, § 7 provides:
 "No person shall be deprived of life, liberty, or property, without due process of law."
The United States Const. Amendment 14, § 1 provides in pertinent part:
 "... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**27.** *Mehdipour v. State ex rel. Dept. of Corrections,* 2004 OK 19, ¶ 20, 90 P.3d 546; *Howe v. Federal Surety Co.,* see note 22; *In re Lee* see note 18, supra.

**28.** Annot., "Validity of Law or Rule Requiring State Court Party who Requests Jury Trial in Civil Case to Pay Costs Associated with Jury," 68 A.L.R.4th 343, 1989 WL 571905 (1989–2004).

**29.** Title 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra.

**30.** The Okla. Const. art. 2, § 6, see note 2, supra.

**31.** The Okla. Const. art. 2, § 19, see note 1, supra.

**32.** Also fairly comprised within Barzelone's and the Association's arguments is that collection of the fee from indigents is unconstitutional. However, Barzellone does not assert his status or the class's status as indigent. Therefore, we do not address the issue. Generally, this Court does not

address a party's asserting vicariously the constitutional rights of others. *Forest Oil Corp. v. Corporation Comm'n,* 1990 OK 58, 807 P.2d 774. Furthermore, it is questionable that such an argument would withstand the teachings of *Mehdipour v. State ex rel. Dept. of Corrections,* see note 27, supra.

**33.** *Phelps v. Physicians Ins. Co.,* 2005 WI 85, ¶ 31, 282 Wis.2d 69, 698 N.W.2d 643 [Upholding pre-payment of $72.00 jury fee.]; *Fox v. Hunt,* 619 So.2d 1364, 1367 (Tex.1993) [Upholding pre-payment of $50.00 fee.]; *Christie v. People,* 837 P.2d 1237, 1243 (Colo.1992) [Upholding pre-payment fee of $25.00.]; *County of Portage v. Steinpreis,* 104 Wis.2d 466, 312 N.W.2d 731, 733 (1981) [Finding jury fee of $19.00–$24.00 insignificant.]; *Robertson v. Apuzzo,* 170 Conn. 367, 170 Conn. 367, 365 A.2d 824, 831 (1976), *cert. denied,* 429 U.S. 852, 97 S.Ct. 142, 50 L.Ed.2d 126 (1976) [Upholding pre-payment of jury fees of $30.00–$100.00.]; *Fried v. Danaher,* 46 Ill.2d 475, 263 N.E.2d 820–821 (1970), *appeal dismissed,* 402 U.S. 902, 91 S.Ct. 1382, 28 L.Ed.2d 643 (1971) [Upholding pre-payment of $50.00 fee.]; *People ex rel. Flanagan v. McDonough,* 24 Ill.2d 178, 180 N.E.2d 486 (1962) [Upholding pre-payment of jury fees ranging from $50 to $100.00.]; *Better Home Furniture Co. v. Baron,* 243 N.C. 502, 91 S.E.2d 236, 239 (1956) [Upholding pre-filing of $25.00 bond required for calling jury in small claims action.]; *Huber v. Van Schaack–Mut., Inc.,* 368 Ill. 142, 13 N.E.2d 179–80 (1938) [Upholding pre-payment of jury fees ranging from $6.00 to $12.00.]; *Hunt v. Rosenbaum Grain Corp.,* 355 Ill. 504, 189 N.E. 907, 909 (1934) [Upholding pre-payment of $8.00 jury fee.]; *Flour City Fuel & Transfer Co. v.*

ten years ago, Maine's highest court ruled that the imposition of a $300.00 jury fee did not unreasonably restrict the right to a civil jury trial, violate due process or deny the parties equal protection.[34]

 ■ ¶ 20 The constitutional requirement to waive court fees in civil cases is the exception, not the general rule.[35] In determining what is reasonable within the realm of as-

sessments for jury fees, a court may presume that the amount set is to be determined by the legislative branch and that the amount, so promulgated, is fair unless it is so high that it operates as a practical prohibition of the right.[36] A commonly used practice for determining the reasonableness of jury fees is to compare the fee charged with the jury compensation expended in an average length civil proceeding.[37] It is also generally under-

*Young,* 150 Minn. 452, 185 N.W. 934, 936 (1921) [Upholding pre-payment of $5.00 removal fee and $3.00 jury fee for total cost of $8.00.]; *Reliance Auto Repair Co. v. Nugent,* 159 Wis. 488, 149 N.W. 377 (1914) [Upholding pre-payment of $12.00 jury fee.]; *Williams v. Gottschalk,* 231 Ill. 175, 83 N.E. 141–42 (1907) [Upholding pre-payment of $6.00 fee.]; *State v. Neterer,* 33 Wash. 535, 74 P. 668–69 (1903) [Upholding pre-payment of $12.00 jury fee.]; *Conneau v. Geis,* 73 Cal. 176, 14 P. 580–81 (1887) [Upholding pre-payment of $24.00 fee.]; *Venine v. Archibald,* 1877 WL 359, 3 Colo. 163 (1877) [Upholding $20 jury fee.]; *Steele v. Central R.R. of Iowa,* 1876 WL 490, 43 Iowa 109 (1876) [Upholding pre-payment of jury fee of $24.00 per day.]; *Copp v. Henniker,* 1875 WL 4743, 55 N.H. 179 (1875) [Upholding pre-payment of $5.00 fee.]; *Bailey v. Frush,* 1873 WL 992, 5 Or. 136 (1873) [Upholding pre-payment of $12.00 fee.]; *Bachor v. City of Detroit,* 49 Mich.App. 507, 212 N.W.2d 302–03 (1973) [Upholding pre-payment of $20.00 fee]; *Walker v. Parkway Cabs,* 50 Ohio App. 250, 197 N.E. 921 (1935), *error dismissed,* 130 Ohio St. 139, 197 N.E. 923 (1935) [Upholding pre-payment of $25.00 fee.]; *Andres v. Chillow,* 1934 WL 2729, 273 Ill.App. 251 (1934) [Upholding pre-payment of $8.00 fee.]; *Asbestolith Mfg. Co. v. Howland,* 67 Misc. 429, 123 N.Y.S. 180 (1910), *aff'd,* 143 A.D. 418, 128 N.Y.S. 173 (1911) [Upholding jury fee ranging between $6.00 and $8.00.].

See also, *United States v. Sperry Corp.,* 493 U.S. 52, 110 S.Ct. 387, 395, 107 L.Ed.2d 290 (1989) [Fee charged for reimbursement for costs incurred in the operation of the United States Claims Tribunal did not violate due process nor was it an unconstitutional taking without just compensation.]; *State v. Boober,* 200 W.Va. 66, 488 S.E.2d 66, 71 (1997) [Assessing jury fee against criminal defendant did not unreasonably burden right to jury trial.]; *Weber v. Lynch,* 473 Pa. 599, 375 A.2d 1278, 1281 (1977) [Constitution not violated by requirement of pre-payment of jury fees following arbitration proceeding.]; *Ali v. Danaher,* 47 Ill.2d 231, 265 N.E.2d 103–04 (1970) [Upholding the collection of $1.00 for county law library fees.]; *Warren v. Scudder–Gale Grocery Co.,* 96 Tenn. 574, 36 S.W. 383 (1896) [Jury trial waived by failure to pay statutorily required jury fee.]; *Adams v. Corriston,* 1862 WL 1291, 7 Minn. 456 (1862) [Upholding prepayment of jury fee without disclosing amount to be advanced.]; *State v. Wright,* 1850 WL 4107, 13 Mo. 243 (1850) [Upholding jury fee taxed as

costs against defendant in criminal proceeding.]; *Byram v. Superior Court,* 74 Cal.App.3d 648, 141 Cal.Rptr. 604–05 (1977) [Upholding prepayment of jury fee without disclosing amount to be advanced.]; *Still v. Plaza Marina Commercial Corp.,* 21 Cal.App.3d 378, 98 Cal.Rptr. 414, 418 (1971) [Failure to post jury fees constituted valid waiver of jury trial.].

But see, *Hammer v. Justice Court,* 222 Mont. 35, 720 P.2d 281–82, 68 A.L.R.4th 335 (1986) [Statute requiring prepayment of jury fees for civil cases in justice courts unconstitutionally violated the guarantee that right to jury trial should remain inviolate.]; *Labowe v. Balthazor,* 180 Wis. 419, 193 N.W. 244, 32 A.L.R. 862–63 (1923) [Striking jury fee of $2.00 per jury member empanelled.]; *Wassenich v. City & County of Denver,* 67 Colo. 456, 186 P. 533, 538 (1919) [Charge of jury fee in condemnation proceeding could not be taxed as costs.]; *Gooch v. State,* 685 N.E.2d 152, 155 (Ind.App.1997) [Cannot impose costs of jury trial absent statutory authorization.]; *Story v. Walker,* 71 N.J.L. 256, 58 A. 349–50 (1904) [Pre-payment of jury fees may not be required absent statute.]; *Board of Comm'rs of Pitkin County v. First Nat'l Bank of Aspen,* 24 Colo. 124, 48 P. 1043 (1897); *Reece v. Knott,* 3 Utah 451, 24 P. 757 (1861) [Cannot require pre-payment of jury fees in criminal case.]; *Christie–Lambert Van & Storage Co., Inc. v. McLeod,* 39 Wash.App. 298, 693 P.2d 161, 167 (1984) [Payment of greater than $50.00 jury fee was too large in light of controversy involving $250.00.].

**34.** *Butler v. Supreme Judicial Court,* 611 A.2d 987, 990 (Me.1992). Maine litigants may also be taxed up to $500.00 for the cost of exhibits in a jury trial. Title 14 M.R.S.A. § 1502–C(3) (1969).

**35.** *Higgins v. Carpenter,* 258 F.3d 797 (8th Cir. 2001), *cert. denied,* 535 U.S. 1040, 122 S.Ct. 1803, 152 L.Ed.2d 659 (2002); *Mehdipour v. State ex rel. Dept. of Corrections,* see note 27, supra.

**36.** *Venine v. Archibald,* see note 33, supra.

**37.** *Fox v. Hunt,* see note 33, supra; *Butler v. Supreme Judicial Court,* see note 34, supra; *Portage County v. Steinpreis,* see note 33, supra; *People ex rel. Flanagan v. McDonough,* see note 33, supra; *Williams v. Gottschalk,* see note 33, supra; *Walker v. Parkway,* see note 33, supra;

stood that the payments for the jury's time are only one of the costs of conducting a jury trial.[38] Statutory jury fees also cover the time of the court personnel, the judge, the clerk, and the court reporter, among others. Office machines and supplies must be made available and utilities must be paid. These are only some of the many expenses involved in running a courtroom and these costs are constantly on the rise.[39]

¶ 21 Several studies indicate that the median length of jury trials averages three days [40] and that jury proceedings last forty percent (40%) longer than non-jury trials.[41] Furthermore, the failure to impose substantial fees systematically results in the overuse of jury dockets.[42] Finally, there is no requirement that the courts calculate whether a specific individual has suffered burdens in excess of the benefits of government services.[43] By imposing a fee for the empaneling of a jury, clearly the Legislature intends the fee to defray generally the cost of the jury system and not just the expense of a particular jury's services provided to the party paying the fee.[44]

¶ 22 Oklahoma jurors are entitled to $20.00 for each day's attendance before any court of record.[45] They also receive reimbursement for mileage going to and returning from jury service as well as either free parking or reimbursement for paid parking.[46] In limited situations, juries in Oklahoma are composed of six persons. However, where the amount in controversy exceeds $10,000.00, twelve jurors are seated.[47] When a cause is

Annot., "Validity of Law or Rule Requiring State Court Party Who Requests Jury Trial in Civil Case to Pay Costs Associated with Jury", see note 28, supra. See also, *Carey v. Elrod*, 49 Ill.2d 464, 471, 275 N.E.2d 367 (1971), *appeal dismissed*, 408 U.S. 901, 92 S.Ct. 2488, 33 L.Ed.2d 327 (1972); *Hamilton v. Ceasar*, 218 Ill.App.3d 268, 161 Ill.Dec. 94, 578 N.E.2d 221–22 (1991), *appeal denied*, 142 Ill.2d 653, 164 Ill.Dec. 917, 584 N.E.2d 129 (1991), *cert. denied*, 505 U.S. 1207, 112 S.Ct. 2999, 120 L.Ed.2d 875 (1992).

**38.** *County of Portage v. Steinpreis*, see note 33, supra.

**39.** *Id.*

**40.** Bureau of Justice Statistics Bulletin (Aug. 2000). See also, *People ex rel. Flanagan v. McDonough*, note 33, supra [Average length of jury trial, 2.5 days]; C. McLarney, C. Silverman, "Fulfilling the Promise of a Representative Jury," 59 J.Mo.B. 172 (2003) [Average length of jury trials, something less than 3 days.]; J. Weinstein, "The Restatement of Torts & the Courts," 54 Vand.L.Revc. 1439 (2001) [Average length of jury trials, 23 hours.]; P. Longan, "The Case for Jury Fees in Federal Civil Litigation," 74 Or. L.Rev. 90–9 (1995) [Average length of jury trials, 4–5 days.]; M. Seigel, "Pragmatism Applied: Imagining a Solution to the Problem of Court Congestion," 22 Hofstra L.Rev. 567 (1994) [Average length of jury trials, 3–4 days].

**41.** Note, "Practice & Potential of the Advisory Jury," 100 Harv.L.Rev. 1363 (1987).

**42.** *Maryland Community Developers v. State Roads Comm'n*, 261 Md. 205, 274 A.2d 641, 645 (1971), *appeal dismissed*, 404 U.S. 803, 92 S.Ct. 62, 30 L.Ed.2d 35 (1971); *Houston v. Lloyd's Consumer Acceptance Corp.*, 241 Md. 10, 215 A.2d 192, 194 (1965); P. Longan, "The Case for Jury Fees in Federal Civil Litigation", see note 40, supra. In 1995, the United States Judicial Conference approved a recommendation from its Committee on Long Range Planning that "Congress should include budget appropriations for the constitutionally-mandated functions of federal courts as part of the non-discretionary budget". Judicial approval of the recommendation appears at 60 Fed.Reg. 30,317 (1995).

**43.** *United States v. Sperry Corp.*, see note 33, supra.

**44.** *Fried v. Danaher*, see note 33, supra.

**45.** It should be noted that when a trial runs for more than 10 days, jurors may be paid up to $200.00 per day beginning on the 11th day of jury service. Rule B, Rules for the Operation of the Lengthy Trial Fund, 28 O.S. Supp.2005, Ch. 1, App. 1.

**46.** Title 28 O.S. Supp.2005 § 86 provides in pertinent part:
"A. Jurors shall be paid the following fees out of the local court fund:
1. For each day's attendance before any court of record, Twenty Dollars ($20.00); and
2. For mileage going to and returning from jury service, pursuant to the provisions of the State Travel Reimbursement Act.
B. The Court Fund Board of the district court may contract for or provide reimbursement for parking for district court jurors to be paid from the Court Fund. Parking so provided to jurors shall be in lieu of any reimbursement to jurors for parking fees...."

**47.** Title 12 O.S.2001 § 556.1 provides in pertinent part:
"... (b) In actions for forcible entry and detainer, or detention only, of real property and

tried before a six-person jury, a minimum of twelve jurors must be called for *voir dire* at an initial cost of $240.00. Because in twelve-person juries at least eighteen prospective jurors are called, the cost of jury examination is $360.00. These costs go up when the trial court determines that there is a serious conflict of interest between two parties requiring additional jurors to be summoned for questioning.[48] When the length of an average jury trial—3 days—is considered, estimates for jury fees in a six-person trial are $480.00 and for a twelve-person trial, $840.00.[49] These estimates do not take into account parking fees or the current mileage reimbursement rate of 48.5 cents per mile.

¶ 23 In Oklahoma, the purpose of the jury fee is to reimburse the state for the expenses incurred in providing and maintaining all of the officers and other facilities of the court, and is intended as compensation to the state for services rendered—not by the clerk only, but by the entire court.[50] Clearly, the fee of $349.00, required as a prerequisite for calling a jury, cannot be considered excessive when compared with the average length trial at estimated costs of $480.00 for a three-day, six-person jury trial or $840.00 for a three-day, twelve-person jury trial.

¶ 24 The right to obtain justice does not mean that litigation may be conducted free of reasonable fees.[51] One should not be entitled to exercise constitutionally protected rights at the expense of others. There would be no justice in a system which penalized persons settling claims outside of court or those who utilized the less expensive avenue of a trial before a judge as fact-finder to furnish the legal luxury entirely to a litigious citizen demanding jury services.[52] Surely, one exercising the freedom of speech is not constitutionally entitled to the free use of printing presses or communications media. Similarly, one demanding a jury trial is not entitled to avoid paying any of the costs of the proceeding.[53]

¶ 25 Fees which are not unduly burdensome cannot be said to abridge the otherwise fundamental right to jury trial.[54] The fact that the fees for empaneling a jury were low and remained constant for the majority

---

collection of rents therefor a jury shall consist of six (6) persons.

(c) . . . [A]ctions for the recovery of money or specific real or personal property or both shall be tried to a jury of twelve (12) persons (1) if a party requests the recovery of money in the sum of at least Ten Thousand Dollars ($10,000.00) or (2) if a party files an affidavit that the action involves at least Ten Thousand Dollars ($10,000.00) and the adverse party does not controvert the affidavit, or (3) if the adverse party controverts such an affidavit, if one is filed, and the court finds that the action involves at least Ten Thousand Dollars ($10,000.00) . . .

If there be more than one defendant in the case, and the trial judge determines on motion that there is a serious conflict of interest between them, he may, in his discretion, allow each defendant to strike three names from the list of jurors seated and passed for cause. In such case he shall appropriately increase the number of jurors initially called and seated in the box for voir dire examination."

48. *Id.*

49. Costs are estimated according to the following:
1) For a six-person jury: 12 jurors called × $20.00 = $240.00 (Day of *voir dire*) + 6 jurors serving × 2 (the average length of trial being 3 days) × $20.00 (a cost of $240.00) = $480.00 incurred in jury service fees; and
2) For a 12-person jury: 18 jurors called × $20.00 = $360.00 (Day of *voir dire*) + 12 jurors serving × 2 (the average length of trial being 3 days) × $20.00 (a cost of $480.00) = $840.00 incurred in jury service fees.

50. *In re Lee,* see note 18, supra. See also, *Naylor v. Petuskey,* note 24, supra.

51. *Sanko v. Carlson,* 69 Ill.2d 246, 13 Ill.Dec. 678, 371 N.E.2d 613–14 (1977), *appeal dismissed,* 439 U.S. 804, 99 S.Ct. 59, 58 L.Ed.2d 97 (1978).

52. *Howe v. Federal Surety Co.,* see note 22, supra. Jury fees are no more a burden on the litigation process than are other fees collected to ensure that courtrooms remain open and available to the public. *Conneau v. Geis,* see note 33, supra.

53. *County of Portage v. Steinpreis,* see note 33, supra. The jury system is not a necessary component of accurate fact finding. *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 1985, 29 L.Ed.2d 647 (1971); *Robertson v. Apuzzo,* see note 33, infra.

54. *Christie v. People,* see note 33, supra.

of the State's history is not supportive of a position that they should remain so [55]—the costs of running a courtroom have soared and even a $349.00 jury fee will not avoid the necessity of a legislative supplement to the district court's budget.[56] The imposition of such a fee is not a denial or sale of justice within the meaning of art. 2, § 6, where, as here, they are uniform, reasonable and related to the services provided.[57] We determine that the jury fee imposed by 28 O.S. Supp. 2004 § 152.1(A)(7) is reasonable and not excessive; and, therefore, it does not limit the access to justice guaranteed by the Okla. Const. art. 2, § 6 or art. 2, § 19's promise of an inviolate right to jury trial.

¶ 26 We note that on September 23, 2005, the Court of Civil Appeals issued an opinion destined for publication by order of that court,[58] in which it reversed a trial court's ruling providing that a pleading filed with the heading, "ATTORNEY LIEN CLAIMED JURY TRIAL DEMANDED" did not necessitate the court clerk's collection of the jury fee provided in 28 O.S. Supp.2004 § 152.1(A)(7). To the extent that *Baptist Foundation of Oklahoma v. Lowe*, 2005 OK CIV APP 78, 122 P.3d 61 is inconsistent with the teachings herein, it is expressly overruled.

¶ 27 **c. The $349.00 jury fee collected pursuant to 28 O.S. Supp.2004 § 152.1(A)(7) is not refundable.**

¶ 28 Title 28 O.S. Supp.2004 § 152.1(A)(7)[59] is silent on the issue of retaining the $349.00 jury fee where jury services are not required.[60] Fairly comprised within Barzelone's arguments is an assertion that the Legislature did not intend for retention of the fee when no jury trial occurs. We disagree.

¶ 29 Barzellone relies primarily on *State v. Graf*, 72 Wis.2d 179, 240 N.W.2d 387, 391 (1976). Graf was charged with operating a motor vehicle while under the influence of an intoxicant. He entered a plea of not guilty and demanded a jury trial. The Wisconsin Court determined that Graf was entitled to a jury trial and that prepayment of jury fees and other costs as a condition for a jury trial in a civil forfeiture action was not a violation of the constitutional preservation of the right to jury trial. Nevertheless, the *Graf* Court held that retention of the fees and costs against a successful defendant was unconstitutional. It reached this result because jury fees were a cost assumed by the unsuccessful prosecution in criminal and quasi-criminal actions prior to Wisconsin's statehood.

¶ 30 *Graf* is distinguishable both on the law and on the facts. The genesis of Barzelone's

---

**55.** See, *Copp v. Henniker*, 1875 WL 4743, 55 N.H. 179 [In considering the reasonableness of a jury fee, must keep in mind that factors such as the contrast in compensation of juries, the changed value of money and all the pecuniary views of the subject. The questions then becomes whether what was reasonable in 1792 is reasonable in 1875].

**56.** Court fees compensate the state for the expenses incurred in providing and maintaining all of the court officers and facilities. Although the fees collected may be sufficient to reimburse the state for the expense of maintaining the court clerk's office, generally, they are less than the amount appropriated to pay the salaries of the court clerks, their assistants and the judges. *In re Lee*, see note 18, supra. In fiscal year 2005, records indicate that the court clerks collected approximately $38,000,000.00 for deposit in the Judicial Fund. Despite the collection of these monies, the Legislature appropriated an additional $7,000,000.00 to the District Courts.

**57.** *Howe v. Federal Surety Co.*, see note 22, supra.

**58.** Opinions released for publication by order of the Court of Civil Appeals, are persuasive only, and lack precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1; 20 O.S.2001 §§ 30.5 and 30.14.

**59.** Title 28 O.S. Supp. § 152.1(A)(7), see note 3, supra.

**60.** Title 28 O.S. Supp.2004 § 106 has no application to those costs collected pursuant to 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra. The statute provides in pertinent part:

"It shall be the duty of the court clerk receiving any costs or fees belonging to any other person, to deposit the same in the court fund subject to the order of the person entitled thereto . . ."

The statute contemplates the disbursal of costs and fees deposited by one party for the benefit of another. See, *e.g.* 28 O.S.2001 § 105 making it the duty of the sheriff or other officer collecting costs on executions to pay the costs collected to the clerk of the court or to the justice.

suit does not center on a claim involving a criminal or quasi-criminal action. Rather, he seeks a declaration that the Oklahoma Constitution forbids the retention of the $349.00 jury fee charge imposed by 28 O.S. Supp. 2004 § 152.1(A)(7)[61] **in civil actions.** Furthermore, *Graf* has been overruled on the issue of the constitutional right to a jury trial in forfeiture actions.[62] Finally, despite the Wisconsin Court's pronouncement, as a matter of practice, fees are not refunded in that state.[63]

¶ 31 *In re Lee*, 1917 OK 458, 168 P. 53 involved the issue of whether the collection of a $25.00 docketing fee to be deducted from a non-refundable advance payment to the Supreme Court Clerk of $40.00 in appellate cases was a sale or denial of justice within the meaning of art. 2, § 6.[64] In determining that such fees did not violate Oklahoma's Constitution, the *Lee* Court took an even longer historical view than was applied in *Graf. Lee* considered the Magna Carta in explaining that provisions similar to art. 2, § 6 were not intended to prohibit the collection of reasonable fees. Rather, the provision prohibited practices of the Exchequer Madox where fines were paid for the purpose of speeding up or slowing down litigation or to guarantee the outcome of a cause.

¶ 32 Research reveals two other well-reasoned opinions that have addressed the issue of whether a party who has paid a jury-demand fee is entitled to a refund of the fee when the case is terminated without the services of a jury. Neither of these courts aligned themselves with *Graf.*

¶ 33 In *Fried v. Danaher*, 46 Ill.2d 475, 263 N.E.2d 820, *appeal dismissed*, 402 U.S. 902, 91 S.Ct. 1382, 28 L.Ed.2d 643 (1971), the Illinois Supreme Court noted that the practice of retaining jury demand fees was consistent, long-continued and reasonable. The Illinois statute, like 28 O.S. Supp.2004 § 152.1(A)(7), made no provision for a refund and did not speak to retention of the fee. Nevertheless, the *Fried* Court determined that the most reasonable interpretation of the statutory language was recognition of a legislative intent that the fee be utilized to defray generally the cost of the jury system and not just the expense of a particular jury's services to a denominated party paying the fee. At all times, the party submitting the fee was entitled to a jury trial. Whether those services were ultimately utilized was based on the party's conscious decision.

¶ 34 Maine's highest court applied strict scrutiny in *Butler v. Supreme Judicial Court*, 611 A.2d 987 (1992) in holding that requiring civil litigants who demanded, but did not use juries, to pay the same fee as those who did use the jury system did not violate equal protection. The *Butler* Court reasoned that: 1) providing a civil jury trial system was a compelling state objective; 2) requiring absolute equivalence between the fee charged and the benefit received was impractical; and 3) the act of requesting a jury trial caused administrative and maintenance costs to the system. Applying the rational basis standard of review, the Maine Court found no constitutional barrier to collection of the fee from all who demanded a jury trial—but who did not use the procedure—did not violate equal protection because payment of a reasonable fee for the service was a rational method of maintaining the civil jury system.

¶ 35 Unlike its counterpart, 28 O.S. Supp.2004 § 152,[65] which specifically provides that none of the flat fees charged in civil cases "shall ever be refundable," § 152.1 is silent on the issue of whether fees collected may be refunded or, if so, the circum-

---

61. Title 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra.

62. See, *State v. Ameritech Corp.*, 185 Wis.2d 686, 517 N.W.2d 705, 709 (1994), *review granted*, 524 N.W.2d 138 (1994), *aff'd*, 193 Wis.2d 150, 532 N.W.2d 449 (1995).

63. C. Wiseman, N. Chiarkas, D. Blinka, *Wisconsin Practice Series*, § 12.41 (2005).

64. The Okla. Const. art. 2 § 6, see note 2, supra.

65. Title 28 O.S. Supp.2004 § 152(A) provides in pertinent part:

"In any civil case filed in a district court, the court clerk shall collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs, except as is otherwise specifically provided by law ..."

stances which would allow their disbursement. However, subsection (B) of § 152.1 [66] requires, in clear and mandatory language,[67] that a portion of the jury fee collected be forwarded to the credit of the Child Abuse Multidisciplinary Account (Account). The Legislature's intent that the jury fees collected not be refundable is made clear by statutory provisions governing the Account—10 O.S. Supp.2002 § 7110.1(A)(3) and subsection (B)(2),[68] respectively, provide that: 1) all monies accruing to the Account are appropriated, budgeted and expended by the Department of Human Services (DHS); and 2) the monies shall at no time become monies of the state, part of the DHS's or any other Department or state agency's budget, or be transferrable to any other state agency or account of the Department, **or be utilized to reimburse any other state agency for any expense.** The Court Clerk has no avenue to retrieve the portion of the fee transferred to the Account. If the Legislature had intended a refund, it would be a full, not a partial, return of the fees collected.

¶ 36 *Graf's* efficacy has been limited both by a subsequent decision of the Wisconsin court and by the general practice in the state. Additionally, it does not coincide with the *Lee* Court's determination that a non-refundable filing fee passed constitutional muster. The better reasoned opinions in *Fried* and *Danaher* are more consistent with both *Lee* and the expressed legislative intent found in the interplay between 28 O.S. Supp. 2004 § 152.1(A)(7) and 10 O.S. Supp.2002 § 7110.1 that jury fees be non-refundable.

¶ 37 It would be unreasonable to require the return of jury fees, especially when a number of cases are "settled on the courthouse steps" and after potential jurors have been called to service. To do so would create a bookkeeping nightmare for court clerks and thereby increase the administrative costs associated with handling of causes set for jury trial. There is no legislative avenue available to retrieve the portion of the fees forwarded to the Child Abuse Multidisciplinary Account.[69]

66. Title 28 O.S. Supp.2004 § 152.1(B) provides:

"Of the amounts collected pursuant to the provisions of paragraphs 1, 2 and 7 of subsection A of this section, the sum of Ten Dollars ($10.00) shall be deposited to the credit of the Child Abuse Multidisciplinary Account."

Paragraph 7 of § 152.1(A), see note 3, supra, is the paragraph requiring the collection of jury fees of $349.00.

67. Generally, the use of "shall" signifies a legislative command. *Cox v. State ex rel. Oklahoma Dept. of Human Services*, 2004 OK 17, ¶ 21, 87 P.3d 607; *United States* through *Farmers Home Admin. v. Hobbs*, 1996 OK 77, ¶ 7, 921 P.2d 338. Nevertheless, there may be times when the term is permissive in nature. *Cox v. State ex rel. Oklahoma Dept. of Human Services*, this note, supra; *Minie v. Hudson*, 1997 OK 26, ¶ 7, 934 P.2d 1082; *Texaco, Inc. v. City of Oklahoma City*, 1980 OK 169, ¶ 9, 619 P.2d 869.

68. Title 10 O.S. Supp.2002 § 7110.1 providing in pertinent part:

"A. There is hereby created in the Department of Human Services a revolving fund to be designated the 'Child Abuse Multidisciplinary Account'....
3. All monies accruing to the credit of the fund are hereby appropriated and shall be budgeted and expended by the Department for the purposes provided in Sections 7110 and 7110.2 of this title...."

B. The account shall be administered by the Department for the benefit of children of Oklahoma ...
2. The monies deposited in the Child Abuse Multidisciplinary Account shall at no time become monies of the state and shall not become part of the general budget of the Department or any other state agency. Except as otherwise authorized by this section, no monies from the Account shall be transferred for any purpose to any other state agency or any account of the Department or be used for the purpose of contracting with any other state agency or reimbursing any other state agency for any expense."

None of the exceptions contemplated in subsection (B)(2) are applicable here.

69. The interplay between 12 O.S.2001 § 942, giving judges discretion to award as costs any fees assessed by the court clerk, and 12 O.S. Supp. 2004 § 2011.1, mandating that judges "shall", upon granting a motion to dismiss an action or motion for summary judgment against a non-prevailing party whose claims are frivolous, award the prevailing party costs, is also instructive. Conceivably, at the time the of motion's granting, the prevailing party could already have paid the jury fee cost imposed by 28 O.S. 152.1(A)(7), see note 3, supra. Under those facts, a refund of the fee paid coupled with the award of costs could result in a double recovery—the prevailing party would profit by having pre-paid the jury fees—a result not anticipated in the statutory scheme.

¶ 38 The Legislature is never presumed to have acted vainly or uselessly in enacting laws.[70] Clearly, in requiring the pre-payment of jury fees, the Legislature intended to defray governmental costs rather than to create a system which would increase revenue outlays. We determine that the $349.00 jury fee imposed by 28 O.S. Supp. 2004 § 152.1(A)(7) is not subject to refund if jury services are not utilized.

## CONCLUSION

¶ 39 This opinion should not be read as a rubber stamp for any decision the Legislature might make on the amount of fees levied in association with jury trials. The Oklahoma Constitution does not anticipate that litigants will be burdened with the entire bill for maintenance of the court system.[71] Our research indicates that Oklahoma's jury trial charges may be the highest in the nation to have been put to the "reasonableness test".[72] The constitutional right to a jury trial is a personal right [73] which the Legislature cannot waive [74] through creating a fiscal barrier so unreasonable as to eliminate the right itself. When comparing the jury fee charge with a jury proceeding utilizing 6 jurors, it would appear that the $349.00 fee charge approaches the barrier beyond which the charge could not survive constitutional scrutiny.

¶ 40 Nevertheless, we recognize that a statute is the solemn act of the Legislature.[75] Although the Supreme Court is the protector of the constitution,[76] in construing the constitutionality of a statute we are not authorized to consider its propriety, wisdom, or practicability as a working proposition. Those questions are clearly and definitely established by our fundamental law to a certainty as functions of the legislative department.[77] This Court has a duty to interpret statutes to make their application constitutional rather than unconstitutional.[78] We uphold legislative enactments unless the statute is clearly, palpably and plainly inconsistent with the constitution.[79]

¶ 41 Applying these principles, considering Oklahoma jurisprudence and the majority position, we hold that the collection of a jury fee, as contemplated by 28 O.S. Supp.2004 § 152.1(A)(7),[80] is constitutional under art. 2, §§ 6 [81] and 19 of the Oklahoma Constitution. We also determine that the amount of the fee, $349.00, is reasonable when compared with the costs incurred in conducting jury proceedings generally. Finally, we determine that the $349.00 jury fee is not subject to refund if jury services are not utilized.[82]

**70.** *Strong v. Laubach*, 2004 OK 21, ¶ 11, 89 P.3d 1066; *Hill v. Board of Educ.*, 1997 OK 107, ¶ 12, 944 P.2d 930; *Curtis v. Board of Educ. of Sayre Public Schools*, 1995 OK 119, ¶ 9, 914 P.2d 656, *rehearing denied* (1996).

**71.** *Mehdipour v. State ex rel. Dept. of Corrections*, see note 27, supra.

**72.** See ¶ 19, supra, and accompanying footnotes.

**73.** *Massey v. Farmers Ins. Group*, 1992 OK 80, ¶ 16, 837 P.2d 880; *Jenkins v. State*, 1912 OK CR 8, 120 P. 298.

**74.** *Massey v. Farmers Ins. Group*, see note 73, supra.

**75.** *Chicago, R.I. & P. Ry. Co. v. Mashore*, see note 22, supra.

**76.** *Wyatt–Doyle & Butler Engineers, Inc. v. City of Eufaula*, 2000 OK 74, ¶ 8, 13 P.3d 474.

**77.** *Matter of University Hospitals Auth.*, 1997 OK 162, ¶ 11, 953 P.2d 314, *rehearing denied* (1998).

**78.** *Local 514 Transport Workers' Union of America v. Keating*, 2003 OK 110, ¶ 15, 83 P.3d 835; *Unit Petroleum Co. v. Oklahoma Water Resources Bd.*, 1995 OK 73, ¶ 6, 898 P.2d 1275.

**79.** *Jaworsky v. Frolich*, 1992 OK 157, ¶ 16, 850 P.2d 1052.

**80.** Title 28 O.S. Supp.2004 § 152.1(A)(7), see note 3, supra.

**81.** The Okla. Const. art. 2, § 6, see note 2, supra.

**82.** Federal jurisprudence and an examination of federal procedures supports our holdings. See, *United States v. Sperry Corp.*, note 33, supra; P. Longan, "The Case for Jury Fees in Federal Civil Litigation," note 31, supra. Nevertheless, this Court's determinations with regard to the state constitutional questions are based on Oklahoma law which provides *bona fide*, adequate and independent grounds for our decision. *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 3476, 77 L.Ed.2d 1201 (1983).

**AFFIRMED.**

WINCHESTER, V.C.J., LAVENDER, OPALA, EDMONDSON, TAYLOR, COLBERT, JJ., concur.

KAUGER, J., concurs in result.

HARGRAVE, J., concurs in part, dissents in part.